|   |   |
|---|---|
|   | The Honorable Ronald B. Leighton |

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | NO. CR18-5579 RBL |
| v. | |
| (1)  CARLOS EDUARDO LOPEZ HERNANDEZ, <br> (2)  DANIEL OSVALDO ROCHA LOPEZ, <br> (3)  JAIME HEREDIA CASTRO, <br> (4)  JUAN AVILES BERRELLEZA, <br> (5)  EDGAR CABRERA, <br> (6)  OTHON ALONSO VEA CERVANTES (ormerly charged under the name "Carlos Alejandro Castro Perez"), <br> (7)  CESAR LOYA SOTO, <br> (8)  MANUEL LOYA SOTO, <br> (9)  JULIAN GAUGE ORDONEZ, <br> (10) JOSE LUIS SIERRA BARRIENTOS, <br> (11) HECTOR MANUEL URIAS MORENO, <br> (12) JORGE VALENZUELA ARMENTA, <br> (13) URIEL ZELAYA, <br> (14) ARTURO FRIAS CEBALLOS, <br> (15) JUAN JOSE HIGUERA GONZALEZ, <br> (16) JESUS RENE SARMIENTO VALENZUELA, <br> (17) ALEK JAMES BAUMGARTNER, <br> (18) MONIQUE GREEN, <br> (19) ANDREW CAIN KRISTOVICH, <br> (20) BRIAN LIVELY, | **UNITED STATES' SECOND MOTION FOR PROTECTIVE ORDER** |

U.S. v. Lopez Hernandez, et al. / CR18-5579 RBL
Second Motion for Protective Order - 1

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

|   |   |   |
|---|---|---|
| (21) | JOSE RANGEL ORTEGA, | |
| (22) | GERALD KEITH RIGGINS, | |
| (23) | ESTHER LA RENA SCOTT, | |
| (24) | MICHAEL JOHN SCOTT, | |
| (25) | KAREN SURYAN, | |
| (26) | ORLANDO BARAJAS, | |
| (27) | OSCAR HUMBERTO CARRILLO SALCEDO, | |
| (28) | MARTIN GONZALEZ JIMENEZ, | |
| (29) | HECTOR MARIO JACOBO CHAIREZ, | |
| (30) | JESUS ALFONSO MORA QUINONEZ, | |
| (31) | RAMON PUENTES, and | |
| (32) | GREGORY DAVID WERBER, | |

Defendants,

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, Marci L. Ellsworth and Karyn S. Johnson, Assistant United States Attorneys for said District, hereby files this Second Motion for Protective Order.

## I.   BACKGROUND

This case arose from a yearlong investigation conducted by the Drug Enforcement Administration (DEA) and other law enforcement agencies. As the investigation progressed, agents identified individuals in Mexico whom they believe are responsible for directing the activities of the co-conspirators not only in the Western District of Washington, but also in multiple other jurisdictions across the United States.

In its early stages, the investigation involved the use of a Confidential Source (CS1). The majority of the controlled buys between CS1 and the three courier codefendants were captured via video and/or audio recording. Additional identifying information about CS1 is included in some of the materials returned from search warrants served on Facebook.

U.S. v. Lopez Hernandez, et al. / CR18-5579 RBL
Second Motion for Protective Order - 2

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Shortly after the dozens of arrests in this matter in early December 2018, CS1 contacted the DEA to inform agents that CS1 was receiving communications from Mexico about the arrests. CS1 interpreted some of those communications to be threatening in nature and expressed concerned for his/her safety. The United States is concerned that dissemination of information describing/identifying CS1 may create opportunities for witness intimidation or retaliation against CS1 and/or his/her associates and family members.

Accordingly, through this Motion the United States seeks to protect the following categories of material, collectively referred to as the "Protected Material":

A. Any voice recordings, surveillance pictures, or video surveillance depicting or detailing controlled buys conducted by CS1; and

B. Any other photographs or videos that might reveal the identity of CS1.

The United States is not seeking to protect the materials returned from the search warrants executed on Facebook, because those materials can be redacted to remove the identifying references to CS1.

The Protected Material may reveal the identity of CS1, either through actual photographs or videos, recordings in which CS1's voice is plainly audible, conversations during which the context could reveal the identity of the confidential source, or descriptions of conversations or controlled buys.

The proposed Protective Order accompanying this motion is designed to set conditions regarding the handling and dissemination of the Protected Material, not to prevent defense counsel from fully discussing and reviewing the Protected Material with their clients.

## II.    LEGAL STANDARD

In federal criminal cases, the government's discovery obligations are established by Federal Rule of Criminal Procedure 16 ("Rule 16"), and are supplemented by the Local Rules for the Western District of Washington ("Local Rules"), the Jencks Act, 18 U.S.C. § 3500, *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405

U.S. v. Lopez Hernandez, et al. / CR18-5579 RBL
Second Motion for Protective Order - 3

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

U.S. 150 (1972). Broadly speaking, these rules, statute, and cases, respectively, provide the framework by which both parties are to produce discovery and by which a court can regulate discovery before trial; require the government to produce its witnesses' prior statements after they testify at trial; place an obligation on the government to learn of and disclose to the defense any exculpatory or impeachment evidence favorable to the defendant that is in the government's possession; and require the government to disclose information which could be used to impeach its witnesses. *See* Fed. R. Cr. Pro. 16; 18 U.S.C. § 3500(a); *Brady*, 373 U.S. at 87; *Giglio*, 405 U.S. at 154-55.

There is otherwise "no general constitutional right to discovery in a criminal case, and *Brady* did not create one." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). The government's discovery obligations are ongoing, but the government does not have to produce all of its discovery material at once and/or at the outset of the case. *See, e.g., Pennsylvania v. Ritchie*, 480 U.S. 39, 60 (1987) ("the duty to disclose is ongoing"), Local Rule 16(d) ("continuing duty to disclose"), Fed. R. Crim. P. 16 and 26.2 (disclosure of witnesses' prior statements not required until after witnesses testify on direct examination), Local Rule 16(f) (witness statements are to be produced "during the time of trial, or at any time if the parties agree").

It is well established that the government has a qualified privilege to withhold the identity of confidential sources. Indeed, as a general matter, there is no requirement that the identity of any government witnesses, including confidential sources, be revealed before trial. *See Weatherford*, 429 U.S. at 559 (no constitutional violation where government did not reveal identity of confidential informant before the informant testified at trial); Local Rule 16(f). To the contrary, "[t]he government has a limited privilege to withhold an informant's identity." *United States v. Henderson*, 241 F.3d 638, 645 (9th Cir. 2000) (citing *Roviaro v. United States*, 353 U.S. 53, 59-61 (1957)). "The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement by preserving the anonymity of these informants." *United States v. Amador-Galvan*, 9 F.3d 1414, 1417 (9th Cir. 1993) (citing *Roviaro*, 353 U.S. at 59).

U.S. v. Lopez Hernandez, et al. / CR18-5579 RBL
Second Motion for Protective Order - 4

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

### III. PROTECTIVE ORDER REQUEST

Pursuant to Fed. R. Crim. P. 16(d)(1), this Court has wide discretion to direct the disclosure and dissemination of discovery materials:

> At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.

Fed. R. Crim. P. 16(d)(1).

The United States will provide defense counsel in this matter with discovery materials consistent with its discovery obligations under Rule 16 of the Federal Rules of Criminal Procedure, the Local Rules of the Western District of Washington, and *Brady v. Maryland* and its progeny. As stated above, the United States is requesting a Protective Order that would prohibit the dissemination of the Protected Material and the information contained therein.

In essence, pursuant to the proposed Protective Order, possession of the Protected Material would be limited to the attorneys of record in this case, and to any investigators, expert witnesses, and other agents that the attorneys of record hire in connection with this case (collectively referred to as "the defense team"). The defendants would be permitted to inspect and review the Protected Material in the presence of a member of the defense team, but would not be permitted to possess or maintain copies of the Protected Material. These proposed restrictions are designed to permit full use of the Protected Material and information contained therein in the preparation of the defendants' respective defenses, but to avoid dissemination of the Protected Material and the information therein to other persons who have no legitimate defense-related need for the information.

The Protective Order is especially important with respect to the defendants who are detained at FDC SeaTac. BOP legal counsel at FDC SeaTac has explained to the undersigned that there is no official written policy with respect to the sharing of Protected Material between inmates. Although FDC SeaTac complies with the terms of a court-

U.S. v. Lopez Hernandez, et al. / CR18-5579 RBL
Second Motion for Protective Order - 5

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

issued Protective Order inasmuch as they acknowledge that sharing of the Protected Material between inmates would be prohibited under the terms of the proposed Protective Order, the BOP cannot guarantee their ability to enforce such a prohibition. This could result in inmates working together in the cellblocks or law library to identify CS1. This could also result in other detained defendants from separate, unrelated cases learning the identity of CS1 and disseminating that information.

This is true regardless of whether the Protected Material is provided in hardcopy (i.e., paper) or electronic form. FDC SeaTac's local institutional policy on inmate legal activities generally affords detained defendants 2.5 hours a week of law library time, although defendants can request additional time. Electronic discovery – any material produced on a compact disc, whether audio files, video clips, or documents – can only be reviewed in the law library, as those are the only computers with disc drives that defendants can access.

Given the significant possibility that Protected Material could result in information regarding CS1 being disseminated to others with no legitimate defense-related need for it, the United States submits that entry of the proposed Protective Order – which would require defense counsel with a detained client to review the Protected Material in the same manner as defense counsel with a non-detained client – is the only reasonable method by which the United States and the Court can ensure the safety of CS1 and his/her family and associates.

U.S. v. Lopez Hernandez, et al. / CR18-5579 RBL
Second Motion for Protective Order - 6

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## IV. CONCLUSION

Based on the facts outlined above, the United States respectfully requests that this Court issue a formal Protective Order that prohibits the reproduction or dissemination of the Protected Material.

DATED this 9th day of January, 2019.

                Respectfully submitted,

                ANNETTE L. HAYES
                United States Attorney

                *s/Marci L. Ellsworth*
                MARCI L. ELLSWORTH
                Assistant United States Attorney

U.S. v. Lopez Hernandez, *et al.* / CR18-5579 RBL
Second Motion for Protective Order - 7

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800