Judge Ronald B. Leighton

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CARLOS EDUARDO LOPEZ HERNANDEZ, et al., <br><br> Defendants. | NO. CR18-5579RBL <br><br><br> UNITED STATES' OPPOSITION TO DEFENDANT LOPEZ HERNANDEZ'S MOTION FOR RECONSIDERATION OF PROPOSED SCHEDULING ORDER [Dkt. 417] |

The United States of America, by and through Brian T. Moran, United States Attorney for the Western District of Washington, and Marci L. Ellsworth and Karyn S. Johnston, Assistant United States Attorneys for said District, files this opposition to Defendant Carlos Eduardo Lopez Hernandez's Motion for Reconsideration of Proposed Scheduling Order [Dkt. 417].[1]  There are two particular deadlines that Defendant Lopez Hernandez takes issue with: (1) "*Jencks*, *Giglio*, and Rule 26.2 discovery," currently set on September 9, 2019 (for witnesses other than confidential informants and cooperating witnesses) and on September 3, 2019 (for confidential informants and cooperating

---

[1] Although seven other defendants, through counsel, have joined in Defendant Lopez Hernandez's motion, the United States refers to the motion in this response as Lopez Hernandez's motion.

UNITED STATES' OPPOSITION TO DEFENDANT
LOPEZ HERNANDEZ'S MOTION FOR RECONSIDERATION
OF PROPOSED SCHEDULING ORDER [Dkt. 417] / *United States v. Lopez Hernandez*, et al. (CR18-5579RBL) - 1

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  witnesses), and (2) "all non-*Brady* confidential informant discovery," a category not
2  specifically contemplated by the Court's Complex Case Management Order but
3  presumably an iteration of the deadline for confidential informant/cooperating witness
4  *Jencks*, *Giglio*, and Rule 26.2 discovery (i.e., September 3, 2019).
5      For the following reasons, the United States opposes Defendant Lopez
6  Hernandez's Motion and believes the deadlines set by the Court in the Complex Case
7  Management Order [Dkt. 411] are reasonable and provide those defense counsels who
8  proceed to trial with ample time to prepare.

## I.   LEGAL STANDARD

10     In federal criminal cases, the government's discovery obligations are established
11 by Federal Rule of Criminal Procedure 16 ("Rule 16"), supplemented by the Local Rules
12 for the Western District of Washington ("Local Rules"), the Jencks Act, 18 U.S.C. §
13 3500, *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150
14 (1972).  There is otherwise "no general constitutional right to discovery in a criminal
15 case, and *Brady* did not create one."  *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977).
16     The government's discovery obligations are ongoing, but the government does not
17 have to produce all of its discovery material at once and/or at the outset of the case.  *See,*
18 *e.g., Pennsylvania v. Ritchie*, 480 U.S. 39, 60 (1987) ("the duty to disclose is ongoing"),
19 Local Rule 16(d) ("continuing duty to disclose"), Fed. R. Crim. P. 16 and 26.2
20 (disclosure of witnesses' prior statements not required until after witnesses testify on
21 direct examination), Local Rule 16(f) (witness statements are to be produced "during the
22 time of trial, or at any time if the parties agree").
23     The government has a qualified privilege to withhold the identity of confidential
24 sources.  Indeed, as a general matter, there is no requirement that the identity of any
25 government witnesses, including confidential sources, be revealed before trial.  *See*
26 *Weatherford*, 429 U.S. at 559 (no constitutional violation where government did not
27 reveal identity of confidential informant before the informant testified at trial); Local
28 Rule 16(f).  To the contrary, "[t]he government has a limited privilege to withhold an

UNITED STATES' OPPOSITION TO DEFENDANT
LOPEZ HERNANDEZ'S MOTION FOR RECONSIDERATION
OF PROPOSED SCHEDULING ORDER [Dkt. 417] / *United States v. Lopez Hernandez*, et al. (CR18-5579RBL) - 2

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

informant's identity." *United States v. Henderson*, 241 F.3d 638, 645 (9th Cir. 2000) (citing *Roviaro v. United States*, 353 U.S. 53, 59-61 (1957)). "The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement by preserving the anonymity of these informants." *United States v. Amador-Galvan*, 9 F.3d 1414, 1417 (9th Cir. 1993) (citing *Roviaro*, 353 U.S. at 59).

To obtain disclosure of a confidential informant's identity, a defendant "must show a need for the information … more than just a 'mere suspicion' that the informant has information which will prove 'relevant and helpful' to his defense, or that will be essential to a fair trial." *Henderson*, 241 F.3d at 645. Prior to ordering disclosure of the information and to "balance the defendant's and the government's interests, a district court must hold an in camera hearing *whenever the defendant makes a 'minimal threshold showing' that disclosure would be relevant to at least one defense*." *Id*. (quoting *United States v. Spires*, 3 F.3d 1234, 1238 (9th Cir. 1993)) (emphasis added).

## II. ARGUMENT

Neither the law nor the facts support either one of Defendant Lopez Hernandez's requests for an acceleration of the dates by which the United States is to produce the discovery at issue. The United States has already – and continues to – produce the reports and statements of its potential witnesses (the *Jencks* and "Rule 26.2 discovery"), and will produce any *Giglio* information in a timely manner consistent with its practice in this District. The United States additionally has produced, albeit with redaction of personal identifying information, discovery about its confidential source. The United States has also produced other material about its confidential source, subject to the Court's Protective Order. The United States has produced all of these materials (and more) to the appointed Discovery Coordinator on dates between January 14 and February 28, 2019, with more queued up for production next week. At this stage, Defendant Lopez Hernandez has failed to make even the minimal threshold showing that disclosure of information related to the United States' confidential source is relevant. His demand that

UNITED STATES' OPPOSITION TO DEFENDANT
LOPEZ HERNANDEZ'S MOTION FOR RECONSIDERATION
OF PROPOSED SCHEDULING ORDER [Dkt. 417] / *United States v. Lopez Hernandez*, et al. (CR18-5579RBL) - 3

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

the United States disclose "all non-*Brady* confidential informant discovery" three months prior to trial is thus without merit.

### A.   Non-Informant "*Jencks*, *Giglio*, and Rule 26.2" Discovery

Defendant Lopez Hernandez asks for an August 16, 2019, deadline for production of "*Jencks*, *Giglio*, and Rule 26.2 discovery" as it pertains to non-informant/non-cooperating witnesses.

*Jencks* and "Rule 26.2" discovery both relate to witnesses (other than a defendant) testifying on direct examination, whether at trial or a suppression hearing.  By law, the United States is not required to produce either *Jencks* material or Rule 26.2 material until after a witness has testified; in practice, the United States endeavors to produce said material well before a witness has testified.

As a threshold matter, if there is a suppression hearing in August 2019 in this case at which a government witness(es) testify, the United States will comply with its obligations as they pertain to any witness(es) who testify at the hearing.  The United States has already produced much of the *Jencks* and/or Rule 26.2 discovery; more than 13,000 Bates numbered items of discovery materials have gone to the Discovery Coordinator thus far.  Those materials consist of law enforcement reports from the inception of the Bremerton Police Department investigation through the execution of search and arrest warrants in early December 2018, surveillance photographs and videos, tracking data, Facebook materials, lab reports, firearms tracing reports, agent and officer affidavits, and hundreds of intercepted communications.  As the United States continues to receive reports and documents authored by law enforcement officers (whether potential witnesses or not), the United States will continue to produce them to the Discovery Coordinator.

If the matter proceeds to trial as scheduled, the United States will produce any *Giglio* material two weeks prior to the trial, consistent with its practice and the Court's Complex Case Management Order (setting a September 9, 2019, deadline for such production in advance of the September 23, 2019, trial date).  Defendant Lopez

UNITED STATES' OPPOSITION TO DEFENDANT
LOPEZ HERNANDEZ'S MOTION FOR RECONSIDERATION
OF PROPOSED SCHEDULING ORDER [Dkt. 417] / *United States v. Lopez Hernandez*, et al. (CR18-5579RBL) - 4

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Hernandez offers no compelling reason why the United States should deviate from its practice with respect to the instant case, and the Court should deny his motion for reconsideration and acceleration of the September 9, 2019, deadline.

**B.     Confidential Source and/or Cooperating Witness Discovery**

Defendant Lopez Hernandez asks for a deadline of June 17, 2019 – more than three months before the scheduled trial date and two months before his requested deadline for the non-informant witness discovery described above – for "all non-*Brady* CI discovery."

In support of his request, Defendant Lopez Hernandez posits that the existing Protective Orders, and any additional ones to which he presumably would agree, support his request for an earlier discovery deadline.[2]   He otherwise provides no basis for his request and utterly fails to carry his burden of demonstrating a need for this material at all, let alone a need to receive it three months prior to the trial date.

As described in the discovery materials already produced to defense counsel as early as December 6, 2018, the confidential source (CS1) assisted local law enforcement at the very beginning of this investigation by making a series of controlled buys and providing information about Facebook accounts and telephone numbers used by the DTO.  CS1 also introduced an undercover DEA agent (the UC) to the DTO; the UC then made a series of controlled buys from the DTO.  The United States has already provided counsel with hundreds of pages of affidavits describing the controlled buys (by both CS1 and the UC), law enforcement officers' reports about the controlled buys, surveillance photos and videos of the buys, and lab reports (where available) related to the drugs obtained during the buys.

---

[2] This appears to be an argument that the Protective Order is sufficient to protect the identity of the Confidential Source.  In reality, the Protective Order only prevents defense counsel from giving physical copies of certain discovery materials to their clients.  It does not prevent defendants from reading/reviewing those materials and learning the identity of the Confidential Source, and it does not prevent defendants from passing that information along to other individuals.  At best, a Protective Order minimizes or delays threats/intimidation/harassment against the confidential source.

UNITED STATES' OPPOSITION TO DEFENDANT
LOPEZ HERNANDEZ'S MOTION FOR RECONSIDERATION
OF PROPOSED SCHEDULING ORDER [Dkt. 417] / *United States v. Lopez Hernandez*, et al. (CR18-5579RBL) - 5

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Armed with this discovery, Defendant Lopez Hernandez has not shown *any* suspicion, let alone a "mere suspicion," that the "informant has information which will prove 'relevant and helpful' or will be essential to a fair trial." *Amador-Galvan*, 9 F.3d at 1417. In fact, given the posture of the investigation (i.e., the transition from CS1 to the UC early on in the investigation and before the instigation of the wiretap portion of it), it is unlikely the United States would even call CS1 to testify as a witness. The United States is certainly not in a position to make a final determination now, but points this out to underscore the degree to which Defendant Lopez Hernandez fails to carry his burden for early disclosure of CS1's information.[3]

With respect to Defendant Lopez Hernandez's request for early disclosure of discovery relating to any cooperating witnesses, it is worth noting that where an individual defendant, in this or the related cases, provided a post-arrest statement to law enforcement, information about that statement has been provided only to that individual defendant and his/her counsel. The United States does that to protect such individuals from intimidation and/or retaliation for their cooperation with law enforcement; presumably, those individuals do not want the specifics of their "confessions" shared with their co-defendants any earlier than they have to be, or at all. Defendant Lopez Hernandez and the other co-defendants who have joined in his motion, ironically, do not appear to share that concern.

Thus, Defendant Lopez Hernandez has failed to carry his burden of demonstrating a need for the information related to either CS1 or the potential cooperating witnesses, and the Court should deny his motion for reconsideration and acceleration of the September 3, 2019, deadline.

//

---

[3] Additionally, as *Amador-Galvan* contemplates, if Defendant Lopez Hernandez were able to make a threshold showing of need, the Court would hold an *in camera* hearing to determine whether "in fact any of these informants would be helpful" to the defense and to engage in *Roviaro*'s balancing test. *Amador-Galvan*, 9 F.3d at 1417.

UNITED STATES' OPPOSITION TO DEFENDANT
LOPEZ HERNANDEZ'S MOTION FOR RECONSIDERATION
OF PROPOSED SCHEDULING ORDER [Dkt. 417] / *United States v. Lopez Hernandez*, et al. (CR18-5579RBL) - 6

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

### III. CONCLUSION

For all the foregoing reasons, the Court should deny Defendant Lopez Hernandez's Motion for Reconsideration of the Proposed Scheduling Order.

DATED this 8th day of March, 2019.

        Respectfully submitted,

        BRIAN T. MORAN
        United States Attorney

        *s/ Marci L. Ellsworth*
        MARCI L. ELLSWORTH
        Assistant United States Attorneys
        1201 Pacific Avenue, Suite 700
        Tacoma, Washington 98402
        Phone: (253) 428-3800
        Fax: (253) 428-3826
        E-mail: marci.ellsworth@usdoj.gov

UNITED STATES' OPPOSITION TO DEFENDANT LOPEZ HERNANDEZ'S MOTION FOR RECONSIDERATION OF PROPOSED SCHEDULING ORDER [Dkt. 417] / *United States v. Lopez Hernandez*, et al. (CR18-5579RBL) - 7

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney of record for the defendant.

    */s/ Lisa Crabtree*
LISA CRABTREE
Paralegal
United States Attorney's Office
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
Telephone: (253) 428-3800
Fax: (253) 428-3826
E-mail: Lisa.Crabtree@usdoj.gov

UNITED STATES' OPPOSITION TO DEFENDANT LOPEZ HERNANDEZ'S MOTION FOR RECONSIDERATION OF PROPOSED SCHEDULING ORDER [Dkt. 417] / *United States v. Lopez Hernandez*, et al. (CR18-5579RBL) - 8

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800