The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>(1)　CARLOS EDUARDO LOPEZ HERNANDEZ,<br>(2)　DANIEL OSVALDO ROCHA LOPEZ,<br>(3)　JAIME HEREDIA CASTRO,<br>(4)　JUAN AVILES BERRELLEZA,<br>(5)　EDGAR CABRERA,<br>(6)　OTHON ALONSO VEA CERVANTES (formerly charged under the name "Carlos Alejandro Castro Perez"),<br>(7)　CESAR LOYA SOTO,<br>(8)　MANUEL LOYA SOTO,<br>(9)　JULIAN GAUGE ORDONEZ,<br>(10) JOSE LUIS SIERRA BARRIENTOS,<br>(11) HECTOR MANUEL URIAS MORENO,<br>(12) JORGE VALENZUELA ARMENTA,<br>(13) URIEL ZELAYA,<br>(14) ARTURO FRIAS CEBALLOS,<br>(15) JUAN JOSE HIGUERA GONZALEZ,<br>(16) JESUS RENE SARMIENTO VALENZUELA,<br>(17) ALEK JAMES BAUMGARTNER,<br>(18) MONIQUE GREEN,<br>(19) ANDREW CAIN KRISTOVICH, | NO. CR18-5579 RBL<br><br>**UNITED STATES' THIRD MOTION FOR PROTECTIVE ORDER** |

U.S. v. Lopez Hernandez, *et al.* / CR18-5579 RBL
Third Motion for Protective Order - 1

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

| | |
|---|---|
| (21) | JOSE RANGEL ORTEGA, |
| (22) | GERALD KEITH RIGGINS, |
| (23) | ESTHER LA RENA SCOTT, |
| (24) | MICHAEL JOHN SCOTT, |
| (25) | KAREN SURYAN, |
| (26) | ORLANDO BARAJAS, |
| (27) | OSCAR HUMBERTO CARRILLO SALCEDO, |
| (28) | MARTIN GONZALEZ JIMENEZ, |
| (29) | HECTOR MARIO JACOBO CHAIREZ, |
| (30) | JESUS ALFONSO MORA QUINONEZ, |
| (31) | RAMON PUENTES, and |
| (32) | GREGORY DAVID WERBER, |

Defendants.

The United States of America, by and through Brian T. Moran, United States Attorney for the Western District of Washington, Marci L. Ellsworth and Karyn S. Johnson, Assistant United States Attorneys for said District, hereby files this Third Motion for Protective Order.

## I.   BACKGROUND

This case arose from a yearlong investigation conducted by the Drug Enforcement Administration (DEA) and other law enforcement agencies. As the investigation progressed, dozens of subpoenas issued to various financial institutions and other entities. The results of those subpoenas ("the returned material") consist of voluminous banking documents, credit card applications, account information, and the like, all of which contain Personally Identifiable Information ("PII"). The PII includes full dates of birth, Social Security numbers, and other identifying information not only of the charged defendants but also of uncharged co-conspirators and potentially innocent parties.

U.S. v. Lopez Hernandez, et al. / CR18-5579 RBL
Third Motion for Protective Order - 2

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Due to the voluminous nature of the returned material, the necessary redactions to the PII would take an unreasonable amount of time and would delay its production to defense counsel. The investigation also revealed a consistent use of alternative/alias names and addresses to register/subscribe cell phones, and the use by some charged defendants of fictitious/stolen identities to obtain identity documents and credit cards. Accordingly, through this Motion the United States seeks to protect the returned material as "Protected Material."

The proposed Protective Order accompanying this motion is designed to set conditions regarding the handling and dissemination of the Protected Material, not to prevent defense counsel from fully discussing and reviewing the Protected Material with their clients.

## II. LEGAL STANDARD

In federal criminal cases, the government's discovery obligations are established by Federal Rule of Criminal Procedure 16 ("Rule 16"), and are supplemented by the Local Rules for the Western District of Washington ("Local Rules"), the Jencks Act, 18 U.S.C. § 3500, *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). Broadly speaking, these rules, statute, and cases, respectively, provide the framework by which both parties are to produce discovery and by which a court can regulate discovery before trial; require the government to produce its witnesses' prior statements after they testify at trial; place an obligation on the government to learn of and disclose to the defense any exculpatory or impeachment evidence favorable to the defendant that is in the government's possession; and require the government to disclose information which could be used to impeach its witnesses. *See* Fed. R. Cr. P. 16; 18 U.S.C. § 3500(a); *Brady*, 373 U.S. at 87; *Giglio*, 405 U.S. at 154-55.

There is otherwise "no general constitutional right to discovery in a criminal case, and *Brady* did not create one." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). The government's discovery obligations are ongoing, but the government does not have to produce all of its discovery material at once and/or at the outset of the case. *See, e.g.,*

U.S. v. Lopez Hernandez, *et al.* / CR18-5579 RBL
Third Motion for Protective Order - 3

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

*Pennsylvania v. Ritchie*, 480 U.S. 39, 60 (1987) ("the duty to disclose is ongoing"), Local Rule 16(d) ("continuing duty to disclose"), Fed. R. Crim. P. 16 and 26.2 (disclosure of witnesses' prior statements not required until after witnesses testify on direct examination), Local Rule 16(f) (witness statements are to be produced "during the time of trial, or at any time if the parties agree").

### III.   PROTECTIVE ORDER REQUEST

Pursuant to Fed. R. Crim. P. 16(d)(1), this Court has wide discretion to direct the disclosure and dissemination of discovery materials:

> At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.

Fed. R. Crim. P. 16(d)(1).

The United States has been providing and will continue to provide defense counsel in this matter with discovery materials consistent with its discovery obligations under Rule 16 of the Federal Rules of Criminal Procedure, the Local Rules of the Western District of Washington, and *Brady v. Maryland* and its progeny. As stated above, the United States is requesting a Protective Order that would prohibit the dissemination of the Protected Material and the information contained therein.

In essence, pursuant to the proposed Protective Order, possession of the Protected Material would be limited to the attorneys of record in this case, and to any investigators, expert witnesses, and other agents that the attorneys of record hire in connection with this case (collectively referred to as "the defense team"). The defendants would be permitted to inspect and review the Protected Material in the presence of a member of the defense team, but would not be permitted to possess or maintain copies of the Protected Material. These proposed restrictions are designed to permit full use of the Protected Material and information contained therein in the preparation of the defendants' respective defenses,

U.S. v. Lopez Hernandez, *et al.* / CR18-5579 RBL
Third Motion for Protective Order - 4

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

but to avoid dissemination of the Protected Material and the information therein to other persons who have no legitimate defense-related need for the information.

The Protective Order is especially important with respect to the defendants detained at FDC SeaTac. BOP legal counsel at FDC SeaTac has explained to the undersigned that there is no official written policy with respect to the sharing of Protected Material between inmates. Although FDC SeaTac complies with the terms of a court-issued Protective Order inasmuch as it acknowledges that sharing of the Protected Material between inmates would be prohibited under the terms of the proposed Protective Order, the BOP cannot guarantee its ability to enforce such a prohibition. This could result in inmates obtaining the PII of other inmates, uncharged co-conspirators, and/or innocent third parties and disseminating that information.

This is true regardless of whether the Protected Material is provided in hardcopy (i.e., paper) or electronic form. FDC SeaTac's local institutional policy on inmate legal activities generally affords detained defendants 2.5 hours a week of law library time, although defendants can request additional time. Electronic discovery – any material produced on a compact disc, whether audio files, video clips, or documents – can only be reviewed in the law library, as those are the only computers with disc drives that defendants can access.

Given the significant possibility that Protected Material could result in PII being disseminated to others with no legitimate defense-related need for it, the United States submits that entry of the proposed Protective Order – which would require defense counsel with a detained client to review the Protected Material in the same manner as defense counsel with a non-detained client – is the only reasonable method by which the United States and the Court can ensure the integrity of the PII and prevent its dissemination or use by others for identity-theft or related crimes.
U.S. v. Lopez Hernandez, *et al.* / CR18-5579 RBL
Third Motion for Protective Order - 5

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## IV. CONCLUSION

Based on the facts outlined above, the United States respectfully requests that this Court issue a formal Protective Order that prohibits the reproduction or dissemination of the Protected Material.

DATED this 29th day of March, 2019.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

*s/Marci L. Ellsworth*
MARCI L. ELLSWORTH
KARYN S. JOHNSON
Assistant United States Attorneys

U.S. v. Lopez Hernandez, *et al.* / CR18-5579 RBL
Third Motion for Protective Order - 6

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney of record for the defendant.

*/s/ Lisa Crabtree*
LISA CRABTREE
Paralegal
United States Attorney's Office
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
Telephone: (253) 428-3800
Fax: (253) 428-3826
E-mail: Lisa.Crabtree@usdoj.gov

U.S. v. Lopez Hernandez, *et al.* / CR18-5579 RBL
Third Motion for Protective Order - 7

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800