Judge Ronald B. Leighton

```
_____ LODGED
_____ RECEIVED
JUN 18 2019
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                    DEPUTY
```

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL JOHN SCOTT, <br><br> Defendant. | NO. CR18-5579RBL <br><br> **PLEA AGREEMENT** |

The United States of America, by and through Brian T. Moran, United States Attorney for the Western District of Washington, and Marci L. Ellsworth and Karyn S. Johnson, Assistant United States Attorneys for said District, MICHAEL JOHN SCOTT, and his attorney, Amy Muth, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

1. **The Charge**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the lesser-included offense of that charged in Count 1 of the Second Superseding Indictment: Conspiracy to Distribute Controlled Substances, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 846.

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering his guilty

Plea Agreement/ Michael John SCOTT - 1
CR18-5579RBL

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

plea, he will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offense.** The elements of the offense to which Defendant is pleading guilty, Conspiracy to Distribute a Controlled Substance, the lesser-included offense of that charged in Count 1 of the Second Superseding Indictment, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 846, are as follows:

a. First, on or about the dates charged, within the Western District of Washington and elsewhere, there was an agreement between two or more persons to distribute controlled substances, including cocaine and fentanyl-laced imitation oxycodone pills; and

b. Second, the defendant joined in the agreement knowing of its object, that is, the distribution of cocaine and fentanyl-laced imitation oxycodone pills, and intending to help accomplish it.

Defendant further understands that in order to invoke the statutory penalties for the lesser-included drug offense of that charged in Count 1 of the Second Superseding Indictment, as discussed below, the United States must prove beyond a reasonable doubt that the offense involved 500 grams or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, or 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (Fentanyl). Defendant expressly waives the right to require the United States to make this proof at trial and stipulates as a part of this plea of guilty that his conduct as a member of the conspiracy, including the reasonably foreseeable conduct of the other members of the conspiracy charged in Count 1 involved 500 grams or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers and 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (Fentanyl).

Plea Agreement/ Michael John SCOTT - 2
CR18-5579RBL

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

3.     **The Penalties.** Defendant understands that the statutory penalties applicable to the offense to which he is pleading guilty, Conspiracy to Distribute a Controlled Substance, the lesser-included offense of that charged in Count 1 of the Second Superseding Indictment, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 846, are as follows:

   a.   A maximum term of imprisonment of 40 years, with a mandatory minimum term of five years;

   b.   A fine of up to $5,000,000.00;

   c.   A period of supervision following release from prison of at least four years; and

   d.   A mandatory special assessment of $100.00.

Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictive conditions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that a consequence of pleading guilty may include the forfeiture of certain property either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further

Plea Agreement/ Michael John SCOTT - 3
CR18-5579RBL

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1 | agrees to submit a completed Financial Statement of Debtor form as requested by the
2 | United States Attorney's Office.

3 |      4.     **Drug Offenses - Program Eligibility.** Defendant understands that by pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

     5.     **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, including the offense to which Defendant is pleading guilty, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his guilty plea may entail, even if the consequence is his mandatory removal from the United States.

     6.     **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, he knowingly and voluntarily waives the following rights:

     a.     The right to plead not guilty and to persist in a plea of not guilty;

     b.     The right to a speedy and public trial before a jury of his peers;

     c.     The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for him;

     d.     The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

     e.     The right to confront and cross-examine witnesses against Defendant at trial;

Plea Agreement/ Michael John SCOTT - 4
CR18-5579RBL

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

f. The right to compel or subpoena witnesses to appear on his behalf at trial;

g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h. The right to appeal a finding of guilt or any pretrial rulings.

7. **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a. The Court will determine the applicable Sentencing Guidelines range at the time of sentencing;

b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

Plea Agreement/ Michael John SCOTT - 5
CR18-5579RBL

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

        d.    Defendant may not withdraw his guilty plea solely because of the sentence imposed by the Court.

    8.    **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

    9.    **Statement of Facts**. The parties agree on the following facts. Defendant admits he is guilty of the charged offense:

> Beginning at a time unknown, and continuing until December 6, 2018, a drug trafficking organization referred to as the "CASTRO DTO" distributed controlled substances, including cocaine, heroin, fentanyl-laced imitation oxycodone pills, and methamphetamine in the Western District of Washington. This conspiracy, and Defendant Michael John SCOTT's role therein, is established by court-authorized interceptions of wire and electronic communications; controlled purchases of drugs by an undercover officer; physical and electronic surveillance; search warrants; seizures of drugs and cash; post-arrest statements of co-conspirators; and other evidence, only some of which is outlined below.
>
> Michael John SCOTT and his wife and co-defendant Esther La Rena Scott (collectively, the SCOTTs) knowingly and intentionally joined this conspiracy by at least August 2018 and thereafter obtained cocaine and fentanyl-laced imitation oxycodone pills for distribution to others in the community as part of an interdependent and ongoing mutually beneficial agreement. Michael SCOTT was a high-volume redistributor for the DTO, and Esther Scott's role was to assist him by translating conversations between Michael SCOTT and Spanish-speaking DTO members; picking up drugs from DTO members on Michael SCOTT's behalf; and delivering drug proceeds (commonly referred to by coded terms such as "ticket" or "paper") to the DTO on Michael SCOTT's behalf. A few representative examples of Michael SCOTT's conduct in furtherance of this conspiracy are described below.
>
> On August 30, 2018, agents intercepted an "inventory" phone call between a DTO distribution cell manager and co-defendant (co-defendant 1, or "CD1"), using telephone number 253-670-0452, and his Mexico-based boss in which CD1 said he had 12,858 fentanyl-laced imitation oxycodone pills on hand, 5,000 of which he would deliver to "the guy from the office," a reference to Michael SCOTT. CD1 then texted the SCOTTs (in Spanish), "Hey, buddy, I'll see you at the office in about 2 hours." Esther Scott then

Plea Agreement/ Michael John SCOTT - 6
CR18-5579RBL

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

spoke to CD1 on Michael SCOTT's behalf and arranged a meeting between the two for noon. Agents conducting surveillance of CD1 and another DTO distribution cell manager and co-defendant (co-defendant 2, or "CD2") followed CD1 and CD2 to the SCOTTs' office, "Wired In Networks," in Lynnwood, Washington. Michael SCOTT admits that he obtained 5,000 fentanyl-laced imitation oxycodone pills from CD1 and CD2 on August 30, 2018, which Michael SCOTT intended to redistribute to others. Michael SCOTT further admits he gave CD1 and CD2 cash drug proceeds that Michael SCOTT owed for prior drugs received from the DTO.

In a later conversation between CD1 and his Mexico-based boss, the boss asked how many "tickets," a coded reference to cash drug proceeds, Michael SCOTT had given CD1. CD1 said he would check, and then sent a text message to the SCOTTs (in Spanish) asking, "How much paper did you say it is." The SCOTTs replied (in Spanish), "$150,000."

On September 25, 2018, agents intercepted a call between CD2, using telephone number 206-578-1206, and his Mexico-based boss in which the boss told CD2 to give 2,777 fentanyl-laced imitation oxycodone pills (everything CD2 had on hand) to "the guy from the office." CD2 confirmed, "The guy from the office? The one that gave me 50 yesterday?" Michael SCOTT admits that he provided CD2 with $50,000 in cash drug proceeds on September 24, 2018, and received another 2,777 fentanyl-laced imitation oxycodone pills from the DTO on September 25, 2018.

On October 5, 2018, agents on physical surveillance watched as CD2 picked up fentanyl-laced imitation oxycodone pills from another co-defendant (co-defendant 3, or "CD3"), a transporter for the DTO. After he picked up the pills, CD2 called his boss, who told him to go "straight over there, over there to the office." The boss said he would call Michael SCOTT to arrange the meeting. CD2 then called Esther Scott. The two spoke in Spanish; CD2 said, "I was told to call you … I'm on my way going to the office." Esther Scott said she would be there in about 20 minutes. Agents on physical surveillance watched as Esther Scott and CD2 met inside the office. During that meeting, CD2 again called his boss, who directed him to give Esther Scott "everything," and asked CD2 how much money Esther Scott was giving them. CD2 asked Esther Scott, and then told his boss, "$142,500."

Later that afternoon, CD2 informed his boss that Esther Scott ("the lady") had only given him $95,000. On October 6, 2018, the boss told CD2 that,

Plea Agreement/ Michael John SCOTT - 7
CR18-5579RBL

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

"everything is good with the ticket with that guy, he said he had made a mistake." Michael SCOTT admits that he had apologized directly to the DTO for the miscounting of the drug proceeds ("the ticket") co-defendant Esther Scott gave the DTO the previous day.

On December 6, 2018, law enforcement officers arrested Michael SCOTT for his involvement in the conspiracy. During a search of the SCOTT residence, officers found the following items: 5,680 gross grams of suspected marijuana; 100 gross grams of suspected cocaine; 40 gross grams of suspected MDMA; 9.35 net grams of actual methamphetamine; suspected fentanyl-laced imitation oxycodone pills (some of which were contained in three clear plastic bags and three of which were loose on the master bathroom floor); two gallon-sized, one quart-sized, and two sandwich-sized empty Ziploc bags in the master bathroom garbage can; two digital scales; one pill counting machine; one cash counting machine; and $44,362 in cash drug proceeds (some of which was found inside the walls of the home in two different rooms). When officers initially asked Michael SCOTT about the cash hidden in the walls, he denied ownership of it and said it must have been in the residence before his family moved in.

Michael SCOTT, post-*Miranda* and in Esther Scott's presence, later admitted to agents that he obtained fentanyl-laced imitation oxycodone pills and cocaine from the DTO for redistribution to others. Michael SCOTT said his pill orders had increased from initially being only 100 to 200 pills at a time to their current level of 6,000 pills at a time. Michael SCOTT also said his cocaine orders had increased from their initial level of ounces at a time to their current level of one kilogram at a time, for which he paid between $30,000 and $36,000. Michael SCOTT acknowledged that the $150,000 payment he provided to CD1 and CD2 on August 30, 2018, was partly for pills and partly for cocaine.

Michael SCOTT now admits that the loose pills and empty Ziploc bags in the master bathroom on December 6, 2018, were there because he was flushing larger quantities of the pills down the toilet before law enforcement officers could seize them.

The exact amount of cocaine and fentanyl-laced imitation oxycodone pills that Michael SCOTT and Esther Scott distributed, or conspired to distribute, is unknown. For purposes of sentencing, the parties agree that Michael SCOTT distributed, or conspired to distribute, at least three kilograms of a mixture or substance containing a detectable amount of cocaine and at least two kilograms of a mixture or substance containing a

Plea Agreement/ Michael John SCOTT - 8
CR18-5579RBL

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

   detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl).

   10. **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

   a. A base offense level of 32, pursuant to USSG § 2D1.1(c)(4) (for an offense involving at least 3,000 kilograms, but less than 10,000 kilograms, of converted drug weight); and

   b. Full credit for acceptance of responsibility, conditioned upon Defendant's fulfillment of the requirements stated at USSG § 3E1.1, outlined in the paragraph entitled "Acceptance of Responsibility," below.

   The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

   The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

   11. **Acceptance of Responsibility.** At sentencing, *if* the district court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the district court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of his intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

Plea Agreement/ Michael John SCOTT - 9
CR18-5579RBL

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

12. **Sentencing Recommendation.** The United States agrees to recommend a custodial term of imprisonment within the Guidelines range as calculated by the Court at the time of sentencing. Defendant may recommend any sentence authorized by law. Unless otherwise set forth in this agreement, both parties remain free to present arguments regarding other aspects of sentencing, such as the computation of the Guidelines range, the terms and conditions of supervised release, fines, and restitution.

Defendant understands that the parties' recommendations are not binding on the Court and the Court may reject the recommendations of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that he cannot withdraw his guilty plea simply because of the sentence imposed by the Court.

13. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

14. **Interdependence of Plea Agreements.** Defendant acknowledges that the United States has conditioned its willingness to enter into this Plea Agreement on the

Plea Agreement/ Michael John SCOTT - 10
CR18-5579RBL

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Court's acceptance of the guilty plea and Plea Agreement in the matter of *United States v. Esther La Rena Scott*, CR18-5579RBL. As a result, if either Defendant or his co-defendant Esther La Rena Scott fail to enter into, and plead guilty pursuant to the terms of, their respective plea agreement, or if either Defendant or his co-defendant Esther La Rena Scott later seeks to withdraw from their respective guilty plea, then the United States may, at its election, withdraw from either or both of these plea agreements. If the United States chooses to withdraw from this Plea Agreement under these circumstances, Defendant understands that the United States will seek an indictment against the parties for all crimes for which the United States has sufficient evidence.

15. **Forfeiture of Assets.** Defendant agrees to forfeit to the United States immediately all property used in any manner or part to commit or to facilitate the commission of the charged drug trafficking offense and any property constituting, or derived from, any proceeds Defendant obtained, directly or indirectly, as the result of such offense, that are subject to forfeiture pursuant to Title 21, United States Code, Section 853, including the $44,362.00 in United States currency (more or less) seized from Defendant's residence in Snohomish, Washington, on December 6, 2018.

16. **Abandonment of Contraband.** Defendant agrees that if any federal law enforcement agency seized any firearms, ammunition, accessories, or contraband that were in Defendant's direct or indirect control, Defendant abandons any and all interest in those firearms, ammunition, accessories, and contraband and consents to their federal administrative forfeiture, official use, and/or destruction by the federal law enforcement agency that seized them. Defendant agrees that if any law enforcement agency seized any firearms or other illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the administrative forfeiture, official use, and/or destruction of said firearms or contraband by any federal law enforcement agency involved in the seizure of these items.

17. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea

Plea Agreement/ Michael John SCOTT - 11
CR18-5579RBL

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of his release (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

18. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that by entering the guilty plea required by this Plea Agreement, Defendant waives all rights to appeal from his conviction and any pretrial rulings of the court. Defendant further agrees that, provided the court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the court at the time of sentencing, Defendant waives to the full extent of the law:

    a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the court, including any fine,

Plea Agreement/ Michael John SCOTT - 12
CR18-5579RBL

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

      b.    Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to Title 28, United States Code, Section 2241, to address the conditions of his confinement or the decisions of the Bureau of Prisons regarding the execution of his sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

19.   **Voluntariness of Plea**. Defendant agrees that he has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter his plea of guilty.

20.   **Statute of Limitations**. In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) 30 days following the date of non-acceptance of the Plea Agreement by the Court; or (2) 30 days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

//

//

21.   **Completeness of Agreement**. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties.

Plea Agreement/ Michael John SCOTT - 13
CR18-5579RBL

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 10th day of June, 2019.

MICHAEL JOHN SCOTT
Defendant

AMY MUTH
Counsel for Defendant

SARAH Y. VOGEL
Assistant United States Attorney

MARCI L. ELLSWORTH
KARYN S. JOHNSON
Assistant United States Attorneys

Plea Agreement/ Michael John SCOTT - 14
CR18-5579RBL

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800