1  Gregory David Werber                    Judge Ronald B. Leighton
   #03222-051
2  Federal Detention Center
   Post Office Box 13900
3  Seattle, Washington 98198

4  Defendant In Pro Se

5

6                    UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF WASHINGTON
7                           AT TACOMA

8  UNITED STATES OF AMERICA,       :   Case No. CR18-5579 RBL

9              Plaintiff,          :   DEFENDANT WERBER'S NOTICE OF
                                       MOTION AND MOTION FOR PRETRIAL
10    -v-                          :   RELEASE PURSUANT TO 18 U.S.C.
                                       §§ 3142(b), (c), and/or (i)(3),
11 GREGORY DAVID WERBER,           :   AND AMDT. 8; WITH ATTACHED
                                       MEMORANDUM AND EXHIBITS
12            Defendant.           :
                                       NOTICE ON MOTION CALENDAR:
13                                 :
                                       JULY 12, 2019
14 _____     :   (ORAL HEARING REQUESTED)

15

16     Defendant, **GREGORY DAVID WERBER** ("Mr. Werber"), in pro se,

17 respectfully moves this Honorable Court for pretrial release on

18 such condition or combination of conditions as this Court may

19 Order, pursuant to the Eighth Amendment and 18 U.S.C. §§ 3142(b),

20 (c), and/or (i)(3).

21     This motion is based on the attached Memorandum, Exhibits,

22 and the record and hearing requested.

23     Wherefore, this Honorable Court should grant Mr. Werber's

24 motion.

25 //

26 //

27 //

28 //

1   Dated: 6-27-19                    Respectfully submitted,

2

3

Gregory David Werber

4                                     #03222-051

Federal Detention Center

5                                     Post Office Box 13900

Seattle, Washington 98198

6

7                                     Defendant in Pro Se

8   //

9   //

10  //

11  //

12  //

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

1    Gregory David Werber                    Judge Ronald B. Leighton
     #03222-051
2    Federal Detention Center
     Post Office Box 13900
3    Seattle, Washington 98198

4    Defendant in Pro Se

5

6

7

8                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
9                             AT TACOMA

10   UNITED STATES OF AMERICA,       :    Case No. CR18-5579 RBL

11              Plaintiff,           :    DEFENDANT WERBER'S MEMORANDUM
                                          IN SUPPORT OF MOTION FOR PRE-
12      -v-                          :    TRIAL RELEASE PURSUANT TO 18
                                          U.S.C. §§ 3142(b), (c), (i)(3),
13   GREGORY DAVID WERBER,           :    AND AMDT. 8

14              Defendant.           :    NOTICE ON CALENDAR: JULY 12, 2019

15   _____        :    (ORAL HEARING REQUESTED)

16                              MEMORANDUM

17       Defendant, GREGORY DAVID WERBER ("Mr. Werber"), in pro se,

18   respectfully moves this Honorable Court for pretrial release on

19   such condition or combination of conditions as this Court may

20   Order, pursuant to the Eighth Amendment and 18 U.S.C. §§ 3142(b),

21   (c), and (i)(3).

22       I.    Summary

23       Mr. Werber should be granted pretrial relsease because:

24       a)    There is a general presumption for pretrial release

25             on money laundering charges under 18 U.S.C. § 3142(a).

26       b)    Mr. Werber is not a danger to any person or the

27             community pursuant to 18 U.S.C. §§ 3142(b) and (c).

28       c)    Mr. Werber is not a flight risk (factors occurring

                                 -1-

1     35 years ago are stale and overcome by Mr. Werber's

2     most recent history of incident-free supervision and

3     court appearances) pursuant to 18 U.S.C. §§ 3142(b)

4     and (c).

5  d)  This case has already exceeded the 70 day speedy trial

6     time period, and Mr. Werber has not waived his

7     speedy trial right under 18 U.S.C. § 3161(c)(1) or

8     the Sixth Amendment.

9  e)  Pretrial release is "necessary for preparation"

10     of Mr. Werber's "defense" and other "compelling

11     reason[s]" pursuant to 18 U.S.C. § 3142(i)(3), and

12  f)  There is a "condition or combination of conditions,"

13     and resources and facilities available to the Court

14     and the Government that will "reasonably assure the

15     appearance of" Mr. Werber, pursuant to 18 U.S.C. §§

16     3142(b)-(c).

17  **II.**  **Procedural History**

18  On December 4, 2018, Mr. Werber was arrested in his home in

19 Manhattan Beach, California on a warrant based on a complaint

20 issued from this Court charging money laundering in violation of

21 18 U.S.C. §§ 1956(a)(3)(B),(C), and 2. <u>Dkts.</u> 1 and 3. Mr. Werber

22 was arraigned in the Central District of California, denied release

23 without prejudice pending arraignment in this Court, and transferred

24 to this district. <u>Dkts.</u> 1-3. On December 21, 2018, Mr. Werber

25 was arraigned in this Court, ordered detained without prejudice

26 pending his application for release. <u>Dkts.</u> 280-282. On January

27 24, 2019, Mr. Werber appeared in this Court for a scheduling

28 conference, and explicitly did not waive his speedy trial rights.

1  Dkt. 393.  On March 18, 2019, Mr. Werber was arraigned on a

2  second superseding indictment charging three counts of money

3  laundering (Counts 3-5) in violation of 18 U.S.C. §§ 1956(a)(3)

4  (B), (C), and 1956(h), and 2, and a forfeiture allegation.  Dkt.

5  441.  On April 30, 2019, Mr. Werber was granted his right to

6  self-representation.  Dkt. 533.  Mr. Werber is currently in

7  pretrial detention in the Federal Detention Center- SeaTac ("FDC").

8  Mr. Werber here moves for pretrial release pursuant to 18 U.S.C.

9  §§ 3142(b)-(c), and (i)(3), and the Eighth Amendment to the United

10  States Constitution.

11      III. Relevant Facts

12      Mr. Werber is a 56 year old United States citizen, born and

13  raised in Los Angeles, California, and resided in Manhattan Beach,

14  California at the time of his arrest (if permitted, Mr. Werber

15  would reside with Ken and Mariella Morris in Tempe, Arizona on

16  pretrial release).  Mr. Werber also has residency status in Mexico

17  and a pending citizenship application with Israel, but does not

18  reside nor maintain a home in Mexico or Israel.  At the time of

19  his arrest, Mr. Werber and his company, Coin Services International,

20  bought and sold Bitcoin (a digital currency).

21      Mr. Werber has traveled internationally, and the Government

22  currently has his passport.

23      Mr. Werber is charged with three counts of money laundering.

24  Count Three charges a money laundering conspiracy, and Counts Four

25  and Five charge Mr. Werber as a target of a DEA money laundering

26  'sting,' in violation of 18 U.S.C. §§ 1956(a)(3)(B),(C), and 1956

27  (h), and 2.

28      Mr. Werber has prior convictions for theft, fraud, drugs,

-3-

1  and escape without force.  The escape was a 'walk-away' on

2  Christmas Day in 1985.  Mr. Werber's prior convictions, and

3  discovery in this case, include convictions and allegations

4  involving his use of false identifications.  Mr. Werber's prior

5  convictions and his current charges do not involve any violence

6  or firearms.

7       Most recently, in April 2017, Mr. Werber successfully term-

8  inated a supervised release term imposed by Ohio for marijuana

9  offenses.  Significantly, it was a five-year term that was vacated

10 as unauthorized by law.  Most relevant here, during supervision

11 and court procedings, Mr. Werber never missed a supervision

12 appointment nor any court appearance.  During the period of

13 Mr. Werber's supervision and court proceedings he was permitted

14 to travel between California and Ohio, and was permitted a trans-

15 fer to California, and fully complied with all conditions without

16 incident.  Exhibit B.

17      Mr. Werber's case in this Court has exceeded the 70 day speedy

18 trial period and Mr. Werber has not waived his speedy trial rights

19 under 18 U.S.C. § 3161(c)(1).  Dkt. 393

20      Mr. Werber is currently in pretrial detention at the FDC,

21 is proceeding pro se, and his case is designated "complex."

22 Dkt. 411.  Because of Mr. Werber's detention he is denied the

23 basic lawyerly tools necessary to meaningfully access this Court and

24 prepare and present his defense, such as privacy, a word processor,

25 digital file storage, legal reseach materials, meaningful access

26 to legal filings and the docket, and discovery, which includes

27 32,126+ documents and digital files, as well as a denial of

28 meaningful access to legal assistance, services and witnesses.

-4-

1  <u>See</u>,  <u>Dkt</u>. 599, <u>Exhibit A</u>, attached, Werber's Access to Court Motion.

2      Mr. Werber's personal history and characteristic show that

3  he is not a danger to any person or the community.

4      Mr. Werber's most recent history demonstrates that he can

5  and will abide by conditions of pretrial release and appear for

6  court.  <u>Exhibit B</u>;  Judgment vacating and terminating supervision.

7      Mr. Werber has the support of family and friends for his

8  release, most notably:  Ken and Mariella Morris of Tempe, Arizona,

9  and Marc Werber of Simi Valley, California.

10     **IV.    Law**

11     "Excessive bail shall not be required, nor excessive fines

12     imposed, nor cruel and unusual punishment inflicted."

13 <u>Eighth Amendment</u> to the United States Constitution.

14     Pursuant to 18 U.S.C. § 3142(e)(1), a defendant's pretrial

15 detention is only warranted if:

16     "The judicial officer finds that no condition or combination

17     of conditions will reasonably assure the appearance of the

18     person as required and the safety of any other person and

19     the community..."

20 Even when detention is ordered, "the judicial officer shall--

21     (3)   direct that the person be afforded reasonable opport-

22     unity for private consultation with counsel; and

23                        *   *   *

24     ... may... permit the temporary release of the person, in

25     the custody of a United States Marshal or another appropriate

26     person, to the extent that the judicial officer determines

27     such release to be necessary for preparation of the person's

28     defense or for another compelling reason."

1  <u>18 U.S.C. § 3142(e)(1) and (i)(3)</u>.

2      **V.    Argument**

3      The Eighth Amendment and 18 U.S.C. § 3142 provide  the accused

4  the right to pretrial release, unless:

5          "no condition of combination of conditions will reasonably

6          assure the appearance of the person as required and the

7          safety of any other person and the community."

8  <u>18 U.S.C. § 3142(e)(1)</u>.

9      Mr. Werber submits that his well-documented history and

10 personal characteristics show he is not a danger to any person

11 or the community.  Accordingly, this basis for denial of pre-

12 trial release should be excluded.

13     Presumably the Government will contend Mr. Werber's escape

14 conviction for a 'walk away' from a facility during a visit on

15 Christmas Day in 1985, his use of false identities, his Mexican

16 residency status and pending Israeli citizenship application,

17 and his international travel justify pretrial detention.  However,

18 this Court should consider the 'walk away' occurred 35 years ago,

19 that the use of false identities does not necesarily correspond

20 to a present risk of flight, and Mr. Werber's Mexican residency

21 status and pending Israeli citizenship application should not

22 be held against him at all.

23     Rather, Mr. Werber's most recent compliance with supervision

24 and court appearances should outweigh such factors.  Specifically,

25 the fact that Mr. Werber never missed a supervision appointment

26 or court appearance on an unauthorized and vacated five-year

27 supervised release term that was vacated and terminated in April

28 of 2017.  See, <u>Exhibit B</u>.

1   This fact shows Mr. Werber will comply with any terms of pre-
2   trial release and will appear as required.  Id.
3        Mr. Werber submits that his affection for his family, friends,
4   and the United States makes it inconceivable that he would or
5   could permanently flee the United States.  The notion that Mr.
6   Werber could or would permanently exile himself to some uncoop-
7   orative foreign country, and that any such country would harbor
8   him against the wishes or beyond the reach of the United States,
9   is simply too far-fetched.
10       Mr. Werber needs to be released to have meaningful access
11  to this Court and prepare and present his defense.  As a pro se
12  pretrial detainee at the FDC Mr. Werber is denied the most basic
13  lawyerly tools necessary to prepare and present his defense, such
14  as:  Privacy, a word processor, digital file storage, legal materials,
15  access to the docket and discovery, witnesses, experts, assistance,
16  and other services.  See, Exhibit A.
17       Such considerations are expressly provided for in 18 U.S.C.
18  § 3142(i)(3), authorizing "private consultation with counsel"
19  and "temporary release... to the extent the Judicial Officer
20  determines such release to be necessary for the preparation of
21  the person's defense or for another compelling reason."  Id.
22  Indeed, Mr. Werber has filed a separate motion, memorandum, and
23  declaration seeking meaningful pro se access to this Court,
24  detailing the pro se deprivations at the FDC.  Exhibit A.
25  These circumstances should also weigh in favor of pretrial release.
26       The 70 day speedy trial period under 18 U.S.C. § 3161(c)(1)
27  has passed, and Mr. Werber has expressly not waived his statutory
28  and Constitutional Speedy Trial rights.  Indeed, the Government

1   has yet to even complete discovery, all while Mr. Werber remains

2   in pretrial detention.   This circumstance should further weigh

3   in favor of pretrial release.   Dkt. 393.

4       Here, Mr. Werber would prefer and requests pretrial release

5   to Ken and Mariella Morris in Tempe, Arizona.   Marc Werber and

6   others will support such a release.

7       Alternatively,  this Court and the Government have many other

8   resources available to accommodate Mr. Werber's pretrial release,

9   such as electronic monitoring, half-way houses, and other super-

10  vised facilities and/or other combination of conditions that could

11  and should be employed for pretrial release, and are requested.

12  VI.   Conclusion

13      Wherefore, this Honorable Court should grant this motion and

14  fashion such condition or combination of conditions for Mr.

15  Werber's pretrial release.

16

17  Dated: 6-27-19                    Respectfully submitted,

18

19

20                                    Gregory David Werber
                                      #03222-051
21                                    Federal Detention Center
                                      Post Office Box 13900
22                                    Seattle, Washington 98198

23                                    Defendant in Pro Se

24

25

26

27

28

**EXHIBIT A**

```
1   Gregory David Werber              Judge Ronald B. Leighton
    #03222-051
2   Federal Dentention Center
    Post Office Box 13900
3   Seattle, Washington 98198

4   Defendant in Pro Se

5                UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF WASHINGTON
6                        AT TACOMA

7   UNITED STATES OF AMERICA,     :   Case No. CR18-5579 RBL

8                   Plaintiff,    :   PRO SE DEFENDANT WERBER'S
                                      NOTICE OF MOTION AND MOTION
9         -v-                     :   FOR ACCESS TO THE COURT; WITH
                                      MEMORANDUM AND DECLARATION IN
10  GREGORY DAVID WERBER,         :   SUPPORT ATTACHED

11                  Defendant.    :   NOTE OF CALENDAR:

12                                :   (EVIDENTIARY HEARING REQUESTED)

13  _____

14         Defendant, GREGORY DAVID WERBER, in pro se, respectfully

15  moves this Honorable Court for meaningful pro se access to this

16  Court pursuant to the Fifth and Sixth Amendments to the Constitution.

17         This motion is based on the attached Memorandum and Declaration,

18  the files and records in this case, and such evidence as may be

19  presented in the requested evidentiary hearing.

20         Defendant requests an evidentiary hearing as soon as this

21  Court may set.

22  Dated:                          Respectfully submitted,

23

24                                  _____
                                    Gregory David Werber
25                                  #03222-051
                                    Federal Detention Center
26                                  Post Office Box 13900
                                    Seattle, Washington 98198

27                                  Defendant in Pro Se

28
```

1  Gregory David Werber                    Judge Ronald B. Leighton
   #03222-051
2  Federal Detention Center
   Post Office Box 13900
3  Seattle, Washington 98198

4  Defendant in Pro Se

5

6

7                  UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF WASHINGTON
8                          AT TACOMA

9  UNITED STATES OF AMERICA,      :   Case No. CR18-5579 RBL

10              Plaintiff,         :   PRO SE DEFENDANT WERBER'S
                                       MEMORANDUM IN SUPPORT OF
11      -v-                        :   MOTION FOR ACCESS TO THE
                                       COURT
12  GREGORY DAVID WERBER,          :

13              Defendant.         :   NOTE ON CALENDAR:

14                                 :   (EVIDENTIARY HEARING REQUESTED)

15  ─────────────────────────────

16                          MEMORANDUM

17      I.    Summary

18      Defendant, **GREGORY DAVID WERBER** ("Werber"), in pro se, is

19  a pretrial detainee, and has a personal constitutional right to

20  the lawyerly tools necessary (at his own expense) to make meaning-

21  ful his rights to self-representation, due process, access to this

22  Court, and his defense, pursuant to the Fifth and Sixth Amendments

23  to the United States Constitution.

24      Werber's case is designated "complex," Dkt. 411, containing

25  32 co-defendants, Dkt. 441, 30,305+ documents and digital files,

26  over 600 filing in the docket to date, numerous prosecuting attor-

27  neys, paralegals, support staff, and 400+ law enforcement officers,

28  and an extraordinary array of technical and other resources, all

                              -1-

1  directed at prosecuting Werber for money laundering. <u>See</u>, <u>Decl-</u>

2  <u>aration attached</u> at ¶ 11 (hereafter "<u>Decl.</u>").

3     For meaningful self-representation, preparations and present-

4  ation of his defense, and access to this Court, Werber requests,

5  at his own expense, portable:[1]

6     1.    Digital File Storage, and

7     2.    Word Processing, and

8     3.    Legal Research Materials, with

9     4.    Basic functions, such as select, copy, cut, paste, edit,

10          save, and display between digital file storage, legal

11          research materials, and word processing

12     These basic lawyerly tools are necessary for meaningful access

13  to this Court in this Case, and can be conveniently and securely

14  accommodated with a laptop computer (at Werber's expense).

15     Werber suggests this Court should give the parties an opport-

16  unity to agree on how to best implement such accommodations prior

17  to effectuating an Order.

18     Accordingly, Werber's motion should be granted.

19  II.   Issue

20  **WHETHER A PRO SE PRETRIAL DETAINEE IN A CRIMINAL CASE
    HAS PERSONAL CONTITUTIONAL RIGHTS TO THE BASIC LAWYERLY**

21  **TOOLS NECESSARY (AT HIS OR HER OWN EXPENSE) TO MEANINGFULLY
    PROCEED PRO SE, TO PREPARE AND PRESENT HIS OR HER DEFENSE,**

22  **COMPEL DUE PROCESS, AND MEANINGFUL ACCES THE COURT PURSUANT
    TO THE FIFTH AND SIXTH AMENDMENTS TO THE UNITED STATES**

23  **CONSTITUTION**

24  _____

25     [1] "Portable," meaning able to work with such resources
    at the Federal Detention Center at SeaTac ("FDC"), in Court,

26  and with his Legal Defense Team.

27  //

28

                                    -2-

1     III.  Facts

2          Werber, and his company, Coin Services International ("CSI"),

3     buy and sell Bitcoin.  Werber, in relation to buying and selling

4     Bitcoin, is charged with three counts of money laundering.  Count

5     Three charges conspiracy to money launder in violation of 18 U.S.C.

6     § 1956(h), and Counts Four and Five charge Werber with money launder-

7     ing as the target of a DEA 'sting,' in violation of 18 U.S.C. §§

8     1956(a)(3)(B), 1956(a)(3)(C), and 2.  Dkt. 441.

9          On December 5, 2018, in Manhattan Beach, California, Werber

10    was arrested, his home and CSI's offices were searched, and Werber's

11    $24,290 was seized, along with all of Werber's personal, business,

12    and digital information, pursuant to search and arrest warrants

13    issued in this case.  Werber's $24,290 is the subject of a forfeit-

14    ure allegation in the indictment, Dkt.441-15-24, and according

15    to discovery received, Werber's digital information is in the

16    custody of Homeland Security computer forensic specialists.

17    Prod. 14, 15646-15844.

18         Werber is currently confined in the Federal Detention Center

19    in SeaTac, Washington ("FDC").  Dkt. 282.  Werber has been confined

20    since his arrest on December 5, 2018, solely in relation to this

21    case, and has been denied release.  Dkt. 3.

22         On December 21, 2018, this Court found Werber indigent and

23    appointed attorney Steven J. Krupa as counsel (counsel not of

24    Werber's choosing).  Dkt. 280.  On April 30, 2019, this Court

25    granted Werber motion to proceed pro se, and relieved appointed

26    attorney Krupa for a conflict of interested asserted by both

27    Werber and attorney Krupa.  Dkt. 533.

28         On May 1, 2019, this Court appointed attorney Nicholas J.

1   Vitek as standby counsel to pro se Werber.  Dkt. 534.

2       On May 20, 2019, Werber filed his pro se motion to release

3   his untainted assets (the $24,290 subject of forfeiture in the

4   indictment at Dkt. 441-15-24), as necessary to obtain his counsel

5   of choice.  Dkt. 552.  Werber's motion remains pending.  Id.

6       FDC does not provide Werber the basic lawyerly tools he needs

7   to meaningfully prepare and present his case to this Court, as

8   follows:

9       1.   Digital File Storage, and

10      2.   Word Processing, and

11      3.   Legal Research Materials, with

12      4.   Basic functions, such as select, copy, cut, paste, edit,

13           save, and display between file storage, word processing,

14           and legal research materials

15      FDC does not provide access to word processing.

16      FDC's Legal Research Computer does not have the basic functions

17  above, and in Decl. ¶4, and is not portable.

18      FDC's discovery computer also do not have the basic functions

19  listed above, and in Decl. ¶4, and is incapable of opening many

20  of the files provided in discovery.  See, Decl. ¶ 13-14.

21      Werber's case is designated "complex," with 32 co-defendants,

22  containing over 30,305 documents and digital files in discovery,

23  over 600 filings in the docket to date, with numerous prosecutors,

24  paralegals, support staff, 400± law enforcement officers, a dedicated

25  discovery attorney, and an extraordinary array of high-tech and

26  other resources all directed at prosecuting Werber for money

27  laundering.  Decl. ¶ 11-12.

28      Werber is amenable and requests an opportunity for the parties

-4-

1    to agree on how to best accommodate Werber's pro se rights and

2    and access to this Court prior to this Court entering an Order.

3        IV.   Law

4        "The Sixth Amendment.... grants to the accused personally

5        the right to make his defense"... the rights guaranteed by

6        the Sixth Amendment are personal to the accused.  The rights

7        of notice, confrontation, and compulsory process" mean, at

8        a minimum, that time to prepare and some access to materials

9        and witnesses are fundamental to a meaningful right of

10       representation... An incarcerated defendant may not meaning-

11       fully exercise his right to represent himself without access

12       to law books, witnesses, or other [lawyerly] tools to prepare

13       a defense."

14   Milton v. Morris, 767 F.2d 1443, 1446-1447 (9th Cir. 1985), quoting,

15   Faretta v. California, 422 US 806, 818-820, 45 L. Ed. 2d 562, 95

16   S.Ct. 2525 (1975).  See also, Bribiesca v. Galaza, 215 F.3d 1015,

17   1020 (9th Cir. 2001)(same).

18       A pro se's "meaningful access to the courts is the touchstone."[2]

19   ─────────────────────────────────────

20       [2]   The United States Supreme Court and the Ninth Circuit found
     the Constitutional basis for this right, variously termed the right
21   of 'access to the courts,' or a function of 'due process,' or an
     essential constituent of a meaningful right to 'self-representation,'
22   and a 'defense,' as guaranteed by the First, Fifth, and Sixth
     Amendments to the United States Constitution.  See, Procunier v.
23   Martinez, 416 US 396, 419, 94 S.Ct. 1800, 40 L Ed 2d 224 (1974)
     (Fifth Amendment);  United States v. Cottrell, 367 Fed. Appx. 743,
24   745 (9th Cir. 2010)(First and Sixth Amendments);  Milton v. Morris,
     767 F.2d 1443, 1445-1446 (9th Cir. 1985)(Sixth Amendment);  Bribiesca
25   v. Galaza, 215 F.3d 1015, 1020 (9th Cir. 2000)(Sixth Amendment).
     Bribiesca and Milton are the controlling decisions in the Ninth
26   Circuit, and hold the pro se pretrial defendant has a constitutional
     right to the lawyerly "tools [necessary] to prepare a defense"
27   pursuant to the Sixth Amendment.  Milton, 767 F.2d at 1446, and
     Bribiesca, 215 F.3d at 1020 (same).

28

1   Bounds v. Smith, 430 US 817, 823, 97 S.Ct. 1491, 1495, 52 L Ed

2   2d 721 (1977).

3        The Supreme Court identified Milton and Bribiesca, supra.,

4   as the controlling Ninth Circuit authority on this issue, while

5   noting the Supreme Court has not clearly established what specific

6   accommodations are required for a pro se's access the courts.

7   Kane v. Espitia, 126 S.Ct. 407, 408 (2005).

8        Rather, the Supreme Court commands the ends (a meaningful

9   opportunity for the pro se to prepare and present his or her

10  defense, ""meaningful access to the court is the touchstone.""

11  Lewis v. Casey, 518 US 343, 351. 116 S.Ct. 2174, 2180, 136 L. Ed

12  2d 606 (1996), quoting, Bounds, 430 US at 823), but not the means

13  (specific accommodations that must be provided).

14       The pro se's accommodations may vary depending on the circum-

15  stances presented, as the Supreme Court stated:  ""We encourage

16  local experimentation" in various methods assuring access to the

17  courts," while "meaningful access to the courts is the touchstone.""

18  Lewis, 518 US at 351-352, quoting, Bounds, 430 US at 823.

19       The right of access to the courts prohibits authorities from

20  "actively interfering" and requires "assisting" by providing a

21  ""constitutionally acceptable method to assure meaningful access

22  to the courts."" Lewis, 518 US at 351, quoting, Bounds, 430 US

23  at 830.

24       To sum up:  The Supreme Court holds the pro se must me

25  "assisted" and cannot be "actively interfered" with, and that

26  accommodations must be provided that amount to "a constitutionally

27  acceptable method to assure access to the courts."  The pro se's

28  "meaningful access to the courts is the touchstone." Lewis, 518

-6-

US at 351, quoting, Bounds, 430 US at 823.

The Ninth Circuit holds "[t]he Sixth Amendment... grants to the accused [pro se] personally the right to make his defense... [to] mean[], at a minimum... time to prepare... access to materials and witnesses... law books... [and] other [lawyerly] tools to prepare a defense." Milton, 767 F.2d at 1446-1447, quoting, Faretta, 422 US at 818, 820.  See also, Bribiesca, 215 F.3d at 1020 (same).

## V.   Argument

If our Constitutional Framers were accused , confined, and awaiting trial, none would question their Constitutional Rights to personally prepare and present their defence with the lawyerly tools of their day.  The Constitutional Framers would instantly recognize the injustice of denying these Constitutional Rights as harking back to the evils of Georgian England from whence they fought and fled to guarantee these personal Constitutional Rights to the accused.  These Constitutional Rights protect the individual from the likes of England's King George, who so casually accused his enemies, seized  their properties, and had his advocates plead their guilt; dispatching them to his Royal dungeons and towers with all the pomp and majesty the King's Star Chamber could muster. From the King and his Court's side of the bar-- injustice they did not see.  Such was the power and perogative of Royalty.

Compare the present day.  Here, Werber stands accused of money laundering by the United States of America.  This is a complex case, charging 32+ co-defendants, involving 30,305+ documents and digital files, over 600 filings in the docket to date, numerous prosecuting attorneys, paralegals, support staff,

1   and 400+ law enforcement officers.  The Government surveiled the

2   defendants for years.  The Government unleashed trap and trace,

3   tracking, wire, electronic, telephonic, computer, cyber, and

4   physical surveillance on Werber, and continue to do so.  Decl.

5   ¶ 7, 11.  Dkts. 1, 3, 441, 498.

6       Government agents arrested and took Werber from his home in

7   Manhattan Beach, California.  They seized his assets, personal

8   and business records, and all his digital information.  They took

9   him across the country to a cell at the Federal Detention Center

10  at SeaTac, Washington, where he remains confined to this day.

11  The FDC is a panopticon, filled with secret government informants

12  and video cameras.  Werber's telephone calls, emails, postal corr-

13  espondence and defense legal activities are recorded, monitored,

14  logged, analyzed, orgainized, cross-referenced, and archived for

15  maximum use against Werber.  Decl. ¶ 11.

16      The Government, having seized Werber's assets, effectively

17  denies Werber his counsel of choice, occasioning the appointment

18  of counsel not of his choosing (and since relieved for a conflict).

19  Werber now represents himself and pleads for his untainted assets

20  necessary to obtain his counsel of choice, and pleads for the

21  very basic lawyerly tools necessary (at his own expense) to prepare

22  and present his defense.  Dkts. 441, 498, 533, 552;  Decl. ¶ 3,

23  7-11.

24      In Werber's prosecution, the Government's filings regularly

25  exceed 100 pages.  There are 600+ filings in the docket to date

26  (and pretrial motions have yet to be filed).  Prior to the info-

27  rmation age there was some relative equality of modes of perparing,

28  presenting, and persuading a court of the merits of each parties'

1   case.  The information age has wrought a  paradigm shift in modes.
2   The Government copies and pastes from vast and comprehensive data
3   bases of legal documents and Government reports.  With a few clicks
4   the Government produces hundreds of thousands of pages.  It is
5   physically impossible for the most skilled and prolific attorney
6   with Werber's resources to match the sheer speed, volume and effect-
7   iveness of the Government's tools and resources.  Without doubt,
8   this Court wants the benefit of the best and most complete present-
9   ations from both parties when making its judgments, and is empowered
10  to allow Werber those lawyerly tools necessary (at his own expense)
11  to meaningfully prepare and present his defense to this Court.
12  Decl. ¶ 12-14.
13      These factors should be given significant weight when fashion-
14  ing a ""constitutionally acceptable method to assure [Werber's]
15  meaningful access to th[is] Court[],""  Lewis, 518 US at 351, quoting,
16  Bounds, 430 US at 830, with "access to materials," "witnessess,"
17  "law books," and "other [lawyerly] tools [necessary] to prepare
18  [Werber's] defense."  Milton, 767 F.2d at 1446-1447, quoting,
19  Faretta, 422 US at 818-820.  See also, Bribiesca, 215 F.3d at 1020.
20      Accordingly, Werber should be permitted portable:
21      1.   Digital File Storage, and
22      2.   Word Processing, and
23      3.   Legal Research Materials, with
24      4.   Basic functions, such as copy, paste, cut, edit, select,
25           save, and display functions between File Storage, Word
26           Processing, and Legal Research Materials.
27  //
28  //

-9-

1    This can be most conveniently accomplished and accommodated

2   with a laptop computer (at Werber's expense).

3    Werber suggest this Court give the parties an opportunity to

4   agree on how best to implement such accommodations prior to effect-

5   uating an Order.

6    **VI.   Conclusion**

7    Wherefore, Werber's motion should be granted.

8

9   Dated:                              Respectfully submitted,

10

11                                      _____

12                                      Gregory David Werber
                                        #03222-051
13                                      Federal Detention Center
                                        Post Office Box 13900
14                                      Seattle, Washington 98198

15                                      Defendant in Pro Se

16   //

17   //

18

19

20

21

22

23

24

25

26

27

28

```
 1   Gregory David Werber                    Judge Ronald B. Leighton
     #03222-051
 2   Federal Detention Center
     Post Office Box 13900
 3   Seattle, Washington 98198

 4   Defendant in Pro Se

 5

 6

 7                  UNITED STATES DISTRICT COURT
                  WERSTERN DISTRICT OF WASHINGTON
 8                        AT TACOMA

 9   UNITED STATES OF AMERICA,      :   Case No. Cr18-5579 RBL

10                  Plaintiff,      :   DECLARATION OF GREGORY DAVID
                                        WERBER IN SUPPORT OF MOTION
11         -v-                      :   FOR PRO SE ACCESS TO THE COURT

12   GREGORY DAVID WERBER,          :   NOTE OF CALENDAR:

13                  Defendant.      :   (EVIDENTIARY HEARING REQUESTED)

14   _____

15                            DECLARATION

16         I, GREGORY DAVID WERBER, declare under penalty of perjury

17   pursuant to 28 U.S.C. § 1746, that:

18   1.   I am the pro se defendant in the above-referenced case and
          submit this declaration in  support of my motion for pro se
19        access to this court.

20   2.   On December 5, 2018, DEA agents arrested me in my home in
          Manhattan Beach, California on a warrant based on a complaint
21        issued from this Court for money laundering in violation of
          18 U.S.C. § 1956(a)(3)(B) and 1956(a)(3)(C).  Dkt. 1 and 3.
22
     3.   On December 5, 2018, DEA agents also searched my home and
23        office, and seized all my personal and business records,
          and all my digital information and devices.  They also
24        seized from my bedroom safe, and restrain and seek forfeiture
          of my $24,290.  Dkts. 441-15-24.
25
     4.   On December 6, 2018, I was arraigned in the United States
26        District Court for the Central District of California, denied
          release, and ordered removed to the Western District of
27        Washington for this prosecution.  Dkt. 3.

     //
28
```

5. On December 20, 2018, I arrived in custody in the Western District of Washinton, and was booked into the Federal Detention Center in SeaTac, Washington, where I remain confined to this day.

6. On December 21, 2018, I was arraigned in this United States District Court for the Western District of Washington, at Tacoma for this case.  This Court appointed Steven J. Krupa as my counsel (not of my choosing), and ordered my continued detention.  Dkt. 281

7. On March 18, 2019, I was arraigned on the second superseding indictment in this case, which charges three counts of money laundering in violation of 18 U.S.C. §§ 1956(a)(3)(B), 1956 (a)(3)(C), 1956(h), and 2, and alleges forfeiture of my $24,290.  Dkt. 498.

8. On April 30, 2019, I relieved appointed counsel Steven J. Krupa for a conflict and was granted my right to self-representation.  Dkt. 533.

9. On May 1, 2019, this Court appointed Nicholas J. Vitek as standby counsel.  Dkt. 534.

10. On May 20, 2019, I filed my pro se motion for the release of my untainted assets necessary to obtain my counsel of choice.  Dkt. 552.

11. This is a complex case with 32+ codefendants, 30,305 documents and digital files, employing numerous prosecutors, paralegals, support staff, and 400+ law enforcement officers, conducting years of surveillance on defendants, utilizing trap and trace, tracking, wire, electronic, computer, cyber, telephonic, digital, and physical surveillance on me.  I continue to be under surveillance at the Federal Detention Center at SeaTac ("FDC") to this day.  Dkts. 411, 441.

12. The prosecutors, investigators, and their staff use the most modern information age technologies to prepare and present their case against me.  Many of their documents exceed 100 pages.  There are over 600 filings entered in the docket to date (and pretrial motions have yet to be filed).  The Government copies and pastes from vast and comprehensive data bases of legal materials and investigative reports. With a few clicks they can and do produce tens of thousands of pages of prosecutorial presentations against me.  It would be physically impossible for even the most skilled and prolific lawyer with my limited resources (denied to me by the Government) to match the sheer speed, volume, and effectiveness of the Government's information age tools and resources.

13. The FDC denies me the minimally necessary resources to meaningfully prepare, present, and defend myself against the Government's case.  For instance, I am denied:

    a)     Word Processing, and

    b)     Digital File Storage, and

    c)     Legal Reseach Materials, with

    d)     Basic functions, such as: select, copy, paste, save, search, edit, and display functions between Digital File Storage, Word Processing, and Legal Research Materials

More specifically, I will describe the lack of meaningful legal resouces at the FDC which work to deny me meaningful access to the court and the ability to prepare and present my case, as follows:

    i)     There is no word processing available to me here at the FDC. Mechanical typewriters can be accessed, by appointment, at a theoretical maximum from 7:00 a.m. to 9:30 a.m. on Monday through Friday. These type-writers have no basic functions, such as select, copy, paste, search, save, edit, etc.

    ii)    There is no Digital File Storage provided at the FDC. FDC does have desktop computers only for reviewing Discovery on CDs (the CDs are provided by counsel). Only pre-loaded discovery files are permitted on the CDs, and nothing additional can be saved to the CDs, nor can the CDs be used for anything other than viewing discovery. In my case, the Discovery computer cannot open many of my discovery files, as it only permits opening of .pdf files, and appears to have very limited interoperability. I cannot open the many files that are indices files, .pdx files, or any other files. Consequently, I am unable to review large amounts of my discovery, or review indices to find particular portions of my discovery that comprises 30,305+ documents and digital files to date.

    iii)   Legal Research Materials are provided on a desktop computer that can only be used for that purpose. However, the computer does not allow users to digit-ally select, copy, cut, paste, save, or any other functions that would permit a user to digitally edit or place content into a legal document. Rather, only paper copies can be purchased at $0.15 per page. Thus, I must manually copy necessary content through however many reiterations necessary to prepare a particular legal document.

           Most disturbingly, it is obvious to me that these materials have been deliberately stripped of certain functionality, and organized in such a way to make them more difficult, time consuming, and labor intensive to use. For instance, indices and tables of content

are often missing, and when they are present, often
lack links to the identified content.  Thus, one has
to scroll through hundreds of pages in search of a
particular resource.  The Shepard's Citations materials
have been stripped of their headnote specifications,
greatly decreasing its purpose and effecacy.  It lacks
Ninth Circuit Jury Instructions for my charged offenses.
Case law is divided into hundreds of files which cannot
be searched as a whole.  Thus, one must search each
file separately for each particular case and issue.

It is a Lexus-Nexus product.  I am familiar with their
products, and know their most basic legal research suite
commercially sold to the public contains all the func-
tionality lacking in the FDC's version of the same
product, which leads me to conclude this product was
was deliberately stripped of this functionality
(obviously at considerable cost), to deliberately
make it more difficult, time consuming, and labor
intensive to use, and to prevent digital legal document
preparation.

iv)   I am denied basic stationary items (even at my own
expense), such as files, folders, and document organ-
izers and containers.  For instance, I have thousands
of pages of paper legal documents (which is a very small
portion of the 30,305+ documents and digital files in
discovery or the 600+ filings in the docket to date),
that are piled up in stacks in my cell for lack of
these basic stationary items or digital file storage.
This makes it extremely difficult, time consuming,
and labor intensive to find, use, and transport such
materials to the law library, legal visits, and to
court, and to find specific documents when necessary.

v)   My legal materials are taken from my personal possession
whenever I am transported to court or elsewhere, and
have been lost by Government officials twice:

First, when I was transported from Los Angeles, Calif-
ornia to FDC SeaTac, Washington, the Air Marshals took
all my legal papers and lost them.  Despite being clearly
marked as legal materials with my name and prison number,
they have never been recovered or returned.

Second, on January 24, 2019, I was transported to this
Court by U.S. Marshals.  They took my legal materials
before transporting me back to the FDC, and failed to
bring them with me back to the FDC.  My legal materials
were later found and returned to me at the FDC on
on January 25, 2019.  Dkt. 393.

-4-

1   14.  I submit the denial to me of these basic lawyerly tools
         deny me my constitutional rights to meaningfully prepare
2        and present my case and acccess this Court, and that at a
         minimum, I should be allowed the following:
3

         a)    Word Processing, and
4

         b)    Digital File Storage, and
5

         c)    Legal Research Materials, with
6

         d)    Basic functions, such as select, copy, cut, paste, save,
7              search, edit, and display functions between Digital
               File Storage, Word Processing, and Legal Research
8              Materials

9        These resources can be most easily accommodated with a laptop
         computer (at my expense).
10

11  15.  I am amenable and suggest this Court give the parties an
         opportunity to agree on how to best implement such accommo-
12       dations prior to effectuating an order regarding my access
         to this Court.

13  16.  Wherefore, my motion should be granted.

14

15       So Declared

16       This _____ day of _____, _____, in the State of
         of Washington, County of King.
17

18

19                                       _____
                                         Gregory David Werber
20

21

22

23

24

25

26

27

28

## Certificate of Service

        I, Gregory David Werber, certify under penalty of perjury
that I served the foregoing by causing delivery of same to:

Marci L. Ellsworth
Karyn S. Johnson
Assistant United States Attorneys
Office of the United States Attorney
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402

        On this _____ day of _____, _____.


By: _____
        Gregory David Werber

EXHIBIT B



98685078

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO



FILED

2017 MAY -I PP 1:15

CLERK OF COURTS
CUYAHOGA COUNTY

THE STATE OF OHIO
   Plaintiff

Case No: CR-07-501932-B

Judge: JOAN SYNENBERG

GREGORY  WERBER
   Defendant

INDICT: 2925.03  TRAFFICKING OFFENSES /FORS
         2925.11  DRUG POSSESSION /FORS
         2923.24  POSSESSING CRIMINAL TOOLS /FORS

## JOURNAL ENTRY

DEFENDANT'S MOTION TO TERMINATE AND VACATE VOID POSTRELEASE CONTROL IS GRANTED IN PART.
ORDER ATTACHED - OSJ

04/27/2017
CPJSX 04/28/2017 13:13:08

_____     Joan Synenberg  4-28-17
Judge Signature     Date

HEAR
04/27/2017

Page 1 of 1

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| **STATE OF OHIO** | ) | CASE NO.: CR-07-501932-B |
| Plaintiff, | ) | |
| | ) | JUDGE: JOAN SYNENBERG |
| vs. | ) | |
| | ) | **JOURNAL ENTRY** |
| **GREGORY WERBER** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

This matter is before the Court on Defendant's *Released Defendant's Motion to Terminate and Vacate Void Postrelease Control*, the State of Ohio's brief in opposition, and the parties' supplemental briefs submitted on March 24, 2017. For the reasons set forth below, Defendant's motion is granted in part and only as to whether Defendant is subject to postrelease control sanctions in the above-captioned matter. The parties do not dispute whether the Defendant was correctly advised on the record of postrelease control but dispute whether the journal entry of conviction is sufficient to authorize postrelease control.

The Court finds that the July 22, 2009 sentencing journal entry failed to correctly advise Defendant of the statutorily mandated period of postrelease control and consequences for violating postrelease control; therefore further finds the judgment entry as it pertains to postrelease control is void. Because Defendant has completed service of his sentence, the sentencing journal entry cannot be corrected by way of a nunc pro tunc entry regardless of whether the Defendant was correctly advised on the record, and therefore Defendant is not subject to postrelease control sanctions in this matter. *See State v. Holdcroft*, 137 Ohio St. 3d 526, 529, 2013-Ohio-5014, 1 N.E.2d 382 (2013); *State v. Mace*, 8th Dist. Cuyahoga No. 100779,

1

2014-Ohio-5036 (en banc) ("the entry cannot be corrected after the appellant has completed service of his sentence"); *State v. Qualls*, 131 Ohio St. 3d 499, 2012-Ohio-1111 (2012) ("The original sentencing entry can be corrected to reflect what actually took place at the sentencing hearing, through a *nunc pro tunc* entry, as long as the correction is accomplished prior to the defendant's completion of his prison term").

**THEREFORE, IT IS ORDERED, ADJUDGED,** and **DECREED** that Defendant is not subject to postrelease control sanctions in this matter.

**IT IS SO ORDERED.**

4 - 28 - 17
DATE

JUDGE JOAN SYNENBERG

2

1

## Certificate of Service

2     I, Gregory David Werber, certify under penalty of perjury
pursuant to 28 U.S.C. § 1746, that I caused the foregoing to be
3     served on:

4     Mses. Marci L. Ellsworth and Karyn S. Johnson
Assistance United States Attorneys
5     Office of the United States Attorney
1201 Pacific Avenue, Suite 700
6     Tacoma, Washington 98402

7

8     On this 27 day of July _____, 2019.

9

10

11    By: _____
Gregory David Werber
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28