WA/WD PTS-
ModificationViolation
(01/19)

# UNITED STATES DISTRICT COURT
for
Western District of Washington

Report on Defendant Under Pretrial Services Supervision

**Date of Report:** 07/19/2019

**Name of Defendant:** Michael Scott                **Case Number:** 3:18CR05579RBL-024

**Name of Judicial Officer:** The Honorable Theresa L. Fricke, United States Magistrate Judge

**Original Offense:** Conspiracy to Deliver a Controlled Substance

**Date Supervision Commenced:** 12/12/2018

Bond Conditions Imposed:
- Submit to drug testing, to include urinalysis or hand-held testing devices, as directed by Pretrial Services. You shall not use, consume, or possess alcohol or any product containing alcohol, including medication, unless prescribed to you by a physician and under the direction of Pretrial Services. Obtain an alcohol/substance abuse evaluation and follow any treatment recommendations as directed by Pretrial Services.
- Travel is restricted to the Western District of Washington, or as directed by Pretrial Services.
- The defendant shall comply with alcohol testing, using an alcohol testing device, as directed by the location monitoring specialist. The defendant shall comply with all program requirements and must contribute towards the costs of the services, to the extent they are financially able to do so, as determined by the location monitoring specialist.
- Surrender all current and expired passports and travel documents to the court. Do not apply for/obtain a new passport or travel document from any country without permission of the court. If the surrendered passport is a foreign passport, it shall be forwarded to Immigration and Customs Enforcement if defendant is convicted of an offense, unless otherwise ordered by the Court.
- Undergo a mental health, psychiatric or psychological evaluation and follow all treatment recommendations in that evaluation, as directed by Pretrial Services. You shall take all medications as prescribed.
- Provide Pretrial Services with any requested information regarding your financial status, income sources, and investments. Sign a Release of Information form for Credit Bureau Verification if requested by Pretrial Services.
- You must contribute towards the costs of the services required by this bond, to the extent you are financially able to do so, as determined by Pretrial Services.
- You shall not have direct contact or indirect contact with any existing and/or future co-defendant(s) in this case. The defendant may have contact with his wife, codefendant Esther Scott; however, they are prohibited from discussing the case directly or indirectly, including with his children.
- You shall not have direct contact or indirect contact with any existing and/or future co-defendant(s) in this case.
- The defendant shall participate in the location monitoring program with Active Global Positioning Satellite technology. The defendant shall comply with a curfew as by the location monitoring specialist. The defendant shall abide by all program requirements, and must contribute towards the costs of the services, to the extent financially able, as determined by the location monitoring specialist. **The location monitoring specialist will coordinate the defendant's release with the U.S. Marshals.**

Case 3:18-cr-05579-RJB   Document 726   Filed 07/22/19   Page 2 of 4

The Honorable Theresa L. Fricke, United States Magistrate Judge                                       Page 2
Report on Defendant Under Pretrial Services Supervision                                               7/19/2019

- **6/7/2019: Removed -** The defendant shall participate in the location monitoring program with Active Global Positioning Satellite technology. The defendant shall comply with a curfew as by the location monitoring specialist. The defendant shall abide by all program requirements, and must contribute towards the costs of the services, to the extent financially able, as determined by the location monitoring specialist. **The location monitoring specialist will coordinate the defendant's release with the U.S. Marshals.**
  **Added -** The defendant shall comply with Stand Alone Monitoring component of Location Monitoring Program. The defendant will be monitored by Active Global Positioning Satellite technology which shall be utilized for purposes of verifying compliance with any court imposed condition of supervision. The defendant shall abide by all program requirements, and must contribute towards the costs of the services, to the extent financially able, as determined by the location monitoring specialist.

## NONCOMPLIANCE SUMMARY

Nature of Noncompliance

1. The defendant violated the special condition requiring he comply with alcohol testing via a remote alcohol testing device as directed by testing positive for alcohol via the Soberlink on or about July 10 and July 11, 2019.
2. The defendant violated a special condition that he shall not use, consume or possess alcohol or any other product containing alcohol, including medication, unless prescribed by a physician and under the direction of Pretrial Services, by using alcohol on or about July 10 and July 11, 2019.
3. The defendant violated the special condition requiring he comply with alcohol testing via an alcohol testing device as directed by attempting to defeat the system on or about July 10, 2019.

## PETITIONING THE COURT

☒   To modify the conditions of supervision

DELETE:

The defendant shall comply with Stand Alone Monitoring component of Location Monitoring Program. The defendant will be monitored by Active Global Positioning Satellite technology which shall be utilized for purposes of verifying compliance with any court imposed condition of supervision. The defendant shall abide by all program requirements, and must contribute towards the costs of the services, to the extent financially able, as determined by the location monitoring specialist.

**ADD:**

The defendant shall participate in the location monitoring program with Active Global Positioning Satellite technology. The defendant shall comply with a curfew as by the location monitoring specialist. The defendant shall abide by all program requirements, and must contribute towards the costs of the services, to the extent financially able, as determined by the location monitoring specialist.

| | |
|---|---|
| The Honorable Theresa L. Fricke, United States Magistrate Judge | Page 3 |
| Report on Defendant Under Pretrial Services Supervision | 7/19/2019 |

## CAUSE

On December 12, 2018, Mr. Scott was released on bond with the special condition of location monitoring, curfew component, to include remote alcohol testing. Mr. Scott signed the Remote Alcohol Participant Agreement SOBERLINK (SL2device) conditions on this same date. He acknowledged condition No. 1 which states, "I have been placed in the Remote Alcohol Testing Program. I agree to comply with all the program rules set forth in this agreement, and to follow the instructions of my officer. Failure to comply with this agreement or officer's instructions will be considered a violation of my supervision and may result in adverse action."; Condition No. 2 which states, "I agree not to consume any alcohol or products that contain alcohol, including mouthwash, breath fresheners, or cough medicine." and Condition No. 10. g. which states "I understand that a photo is taken as I am blowing into my testing device and I agree to not allow anyone else to use the device. Failure to follow testing protocol can be deemed as an attempt to defeat the system and may result in adverse action."

On July 10, 2019, I was received a tamper alert on Mr. Scott's global positioning satellite tracker. I contacted him and was able to get the device to restore. I requested he submit to an unscheduled remote alcohol test to further verify his location in the community. Upon receipt of the results, I checked the photograph and noticed it was of a female, and not of Mr. Scott. I called him to inquire and he admitted that his daughter had taken the test for him. He also stated he had been drinking wine. I instructed him to take another test and then continue to test until the levels left his system. He agreed, and I received a BrAC test result of 0.017 at 11:53 p.m. He complied with my instructions to test as required by the device, and as a result the following subsequent test results were received on July 11, 2019:

- 12:15 a.m., BrAC 0.095
- 12:31 a.m., BrAC 0.085
- 12:47 a.m., BrAC 0.073
- 1:09 a.m., BrAC 0.078
- 5:14 a.m., BrAC 0.035
- 5:30 a.m., BrAC 0.029
- 5:46 a.m., BrAC 0.027
- 6:02 a.m., BrAC 0.025
- 6:18 a.m., BrAC 0.021

This is Mr. Scott's second time being detected for alcohol by the remote alcohol testing device. On March 7, 2019, he admitted to consuming alcohol after it was detected on the device. On March 14, 2019, Your Honor approved a plan outlined in a No Action Report on Defendant Under Pretrial Supervision to increase his frequency of alcohol testing. At this time, he was not yet stable in a mental health or substance abuse treatment program. We monitored his progress closely in getting the evaluations required by his appearance bond and he has since been actively participating in programming. Mr. Scott is having trouble finding a medication for his anxiety that is effective, and he recently underwent a medication change to try to assist with his Post Traumatic Stress Syndrome.

On June 7, 2019, Your Honor approved a modification request to reduce Mr. Scott from a curfew to the stand alone monitoring component of the location monitoring program. This component was recommended in light of the progress he had made in March, April, and May and his increased stability in the community.

Mr. Scott is working and attending treatment currently. He has admitted to being under a lot of stress as sentencing approaches and trying to control his drinking impulses when he experiences anxiety. He admitted to drinking alcohol on July 10, 2019, when confronted and expressed remorse for having his daughter test on the

| | |
|---|---|
| The Honorable Theresa L. Fricke, United States Magistrate Judge | Page 4 |
| Report on Defendant Under Pretrial Services Supervision | 7/19/2019 |

device for him. I believe placing him back on a curfew will give him increased structure and help him to keep in compliance with the program requirements.

I have notified defense counsel and the Assistant United States Attorney and they concur with the recommendation.

| | |
|---|---|
| I swear under penalty of perjury that the foregoing is true and correct. | APPROVED:<br>Connie Smith<br>Chief United States Probation and Pretrial Services Officer |
| Executed on this 19th day of July, 2019. | BY: |
| *Gina Martinis* (signature) | *Jerrod Akins* (signature) |
| Gina L. Martinis<br>United States Probation Officer | Jerrod F. Akins<br>Supervising United States Probation Officer |

**THE COURT FINDS PROBABLE CAUSE AND DIRECTS:**

☒ Modify the Conditions as noted above
☐ Other

*Theresa L. Fricke* (signature)
Theresa L. Fricke, United States Magistrate Judge
7-22-2019
Date