Judge Theresa L. Fricke

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR18-5579RBL |
| Plaintiff, | |
| | UNITED STATES' OPPOSITION TO MOTION TO MODIFY RELEASE CONDITIONS |
| v. | |
| MICHAEL SCOTT, | |
| Defendant. | |

17    The United States of America, by and through United States Attorney for the
18 Western District of Washington, Brian T. Moran, and Marci L. Ellsworth, Karyn S.
19 Johnson, and Angelica Williams, Assistant United States Attorneys for said District, files
20 this opposition to Michael Scott's Motion to Modify Release Conditions (Dkt. 972).
21 Defendant Michael Scott seeks to remove the bond condition requiring his participation
22 in location monitoring with GPS and a curfew.  In light of Defendant's long history of
23 cocaine and alcohol use; his prior drug trafficking conviction; his previous bond
24 violations in this case, *i.e.*, using cocaine, consuming alcohol, and attempting to defeat
25 the Soberlink device by having his daughter use it when he was drunk, Defendant's
26 Motion should be denied.
27
28

UNITED STATES' OPPOSITION TO MOTION TO MODIFY
RELEASE CONDITIONS/ *United States v. Michael Scott, et al.* - 1
CR18-5579RBL

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

# I.      BACKGROUND

Defendant is not a stranger to the criminal justice system.  In 2002, Defendant was convicted of Assault, Domestic Violence and Interfere with Reporting of Domestic Violence, and was sentenced to two years of probation.  In 2014, Defendant was convicted of Possession with Intent to Manufacture or Deliver Cocaine, in King County Superior Court, cause no. 14-1-04120-5, and was sentenced to 12 months and one day of confinement and 12 months of supervision.  He also has prior charges for DUI (2016) and operating a motor vehicle without an ignition interlock device (2017).

On December 6, 2018, law enforcement arrested Defendant and searched his residence in conjunction with the large takedown of the Castro drug trafficking organization (DTO).  As the investigation revealed, and as Defendant subsequently admitted in his Plea Agreement, Defendant was a high-volume redistributor of fentanyl-laced imitation oxycodone pills and cocaine for the Castro DTO.  Among other things, Defendant obtained 5,000 fentanyl-laced pills on August 30, 2018, and 2,777 fentanyl-laced pills on September 25, 2018, all of which he intended to distribute to others.  Defendant paid large sums (or caused co-defendant Esther Scott to pay) for these drugs, including $150,000 on August 30, 2018; $50,000 on September 24, 2018; and $95,000 on October 5, 2018.  When investigators searched the Scotts' residence on December 6, 2018, they found three bags of fentanyl-laced imitation oxycodone pills and a few loose pills on the bathroom floor, as well as marijuana, cocaine, MDMA, and methamphetamine; two digital scales; a pill counting machine; a cash counter; and $44,362 in cash drug proceeds (some of which was hidden in the walls).  Investigators also found multiple empty Ziploc bags in the master bathroom garbage can; Defendant had flushed larger quantities of the fentanyl-laced pills down the toilet before law enforcement could seize them.  *See* Plea Agreement at ¶ 9 (Dkt. 626).

Following a detention hearing on December 12, 2018, this Court released Defendant pursuant to an appearance bond.  Dkt. 179.  Among the special conditions imposed by the Court were the following:

UNITED STATES' OPPOSITION TO MOTION TO MODIFY
RELEASE CONDITIONS/ *United States v. Michael Scott, et al.* - 2
CR18-5579RBL

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

- Submit to drug and alcohol testing, to include urinalysis, breathalyzer, sweat patch, or hand-held devices, as directed by Pretrial Services.  You shall not use, consume, or possess alcohol or any other product containing alcohol, including medication, unless prescribed to you by a physician and under the direction of Pretrial Services.  Obtain an alcohol/substance abuse evaluation and follow any treatment recommendations as directed by Pretrial Services.

&ast;   &ast;   &ast;

- The defendant shall comply with alcohol testing, using an alcohol testing device, as directed by the location monitoring specialist.

&ast;   &ast;   &ast;

- The defendant shall participate in the location monitoring program with Active Global Positioning Satellite technology.  The defendant shall comply with a curfew as directed by the location monitoring specialist.  The defendant shall abide by all program requirements, and must contribute to the cost of the services, to the extent financially able, as determined by the location monitoring specialist…

*Id.* at 1.

On December 12, 2018, Defendant reported to the Probation Office for intake.  At that time, Defendant reported using cocaine daily prior to his arrest.[1]  Defendant stated that his last date of use was December 6, 2018.  Dkt. 800 (Noncompliance Summary) at p. 2.

On March 7, 2019, Defendant admitted to consuming alcohol after it was detected on the Soberlink device.  Dkt. 726 (Noncompliance Summary) at p. 3.  On March 14, 2019, this Court approved a plan to increase the frequency of his alcohol testing.  *Id.*

On June 7, 2019, this Court approved a modification request to reduce Defendant from a curfew to the stand-alone monitoring program.  *Id.*

---

[1] Defendant has reported an 11-year history of alcohol and cocaine abuse to the United States Probation Office.

UNITED STATES' OPPOSITION TO MOTION TO MODIFY
RELEASE CONDITIONS/ *United States v. Michael Scott, et al.* - 3
CR18-5579RBL

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1    On June 18, 2019, Defendant pleaded guilty to Conspiracy to Distribute

2  Controlled Substances, in violation of Title 21, United States Code, Sections 841(a)(1),

3  841(b)(1)(B) and 846.  Dkt. 626.  In his Plea Agreement, Defendant agreed that he

4  conspired to distribute at least three kilograms of cocaine and two kilograms of fentanyl.

5  *Id.*  Defendant's sentencing date was scheduled for September 20, 2019.  Dkt. 627.

6    On July 22, 2019, Pretrial Services filed a Noncompliance Summary regarding

7  Defendant.  Dkt. 726.  As recounted therein, after Defendant's bond condition was

8  reduced from a curfew to stand alone monitoring on June 7, 2019, Defendant violated his

9  bond conditions by, specifically, (1) testing positive for alcohol via the Soberlink on or

10  about July 10 and July 11, 2019; (2) using alcohol on or about July 10 and July 11, 2019;

11  and (3) attempting to defeat the Soberlink on or about July 10, 2019.  *Id.* at 2.  On July

12  10, 2019, Pretrial Services directed Defendant to submit to an unscheduled remote

13  alcohol test through the Soberlink device (which records a photograph of the individual

14  providing the breath sample).  Upon receipt of the results, Pretrial Services determined

15  that a female had taken Defendant's unscheduled test.  Pretrial Services followed up with

16  Defendant, who admitted that his underage daughter had taken the test for him.

17  Defendant further stated that he had been drinking wine.  Pretrial Services then directed

18  Defendant to take the Soberlink test; the results showed that Defendant's BrAC was

19  0.017.  At some point in this series of events, Defendant indicated to Pretrial Services that

20  he was under a lot of stress as sentencing was approaching.  In this Noncompliance

21  Summary, Pretrial Services recommended placing Defendant back on a curfew in order

22  to give him increased structure and help him keep in compliance.  *Id.*

23    The Court approved the proposed modification and re-imposed the condition

24  requiring Defendant's participation in location monitoring with active GPS and a curfew.

25  *Id.*

26    On September 10, 2019, at the defense request, Defendant's sentencing was re-set

27  to December 13, 2019.  Dkt. 799.

28

UNITED STATES' OPPOSITION TO MOTION TO MODIFY
RELEASE CONDITIONS/ *United States v. Michael Scott, et al.* - 4
CR18-5579RBL

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  On September 11, 2019, Pretrial Services filed another Noncompliance Summary,

2  stating that Defendant had used cocaine on or about July 18, 2019, *i.e.*, about one week

3  after his attempt to thwart the Soberlink and his use of alcohol.  *See* Dkt. 800

4  (Noncompliance Summary).  As set forth in that report, on August 1, 2019, Defendant

5  admitted to using cocaine on or about July 18, 2019.  Defendant stated that it was a "one-

6  time" occurrence, and, according to Defendant, he "found a baggie" of cocaine in his

7  residence and used it.  In response to this admission of drug use, Pretrial Services

8  reprimanded Defendant and increased the frequency of his drug testing.  *Id.* at 2.  Pretrial

9  Services did not advise undersigned counsel of Defendant's cocaine use until shortly

10  before the filing of the Noncompliance Petition.  Undersigned counsel therefore

11  concurred, reluctantly, with the actions already taken by Pretrial Services.  *Id.* at 3.

12  On November 4, 2019, at the defense request, Defendant's sentencing was again

13  re-set, this time to January 10, 2020.  Dkt. 896.

14  On December 16, 2019, the defense filed the instant Motion.  Dkt. 972.

## II.   ARGUMENT

16  In the Motion, Defendant asks this Court to replace his current bond condition

17  (GPS monitoring, with curfew) with a less restrictive condition (stand-alone monitoring,

18  no curfew).  Dkt. 972.  In support of this request, Defendant states that his children are

19  unable to visit him in Snohomish due to their sports obligations on the weekend, and that

20  it is nearly impossible for Defendant to visit them in Shelton after they are home from

21  school and return to Snohomish to make his curfew.  The defense argues that lessening

22  Defendant's bond conditions would contribute to his "avoid[ing] a relapse into

23  depression and potential substance use," particularly as the stress of sentencing

24  approaches.  *Id.*

25  In light of Defendant's guilty plea to Conspiracy to Distribute Controlled

26  Substances, Defendant is, technically, now subject to detention pursuant to 18 U.S.C.

27  § 3143(a)(2).  To be clear, the United States is <u>not</u> requesting that the Court order

28

UNITED STATES' OPPOSITION TO MOTION TO MODIFY
RELEASE CONDITIONS/ *United States v. Michael Scott, et al.* - 5
CR18-5579RBL

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1   Defendant to be taken into custody at this time.  That said, the United States certainly

2   opposes *lessening* the conditions imposed upon Defendant as he awaits sentencing.

3          Moreover, Defendant's motion leaves many questions unanswered.  For example,

4   how often has Defendant visited his children since they have moved to Shelton?

5   Assuming that Defendant's children are now unable to go to Snohomish over the

6   weekend, why is Defendant unable to visit them on Saturdays or Sundays during the

7   daytime hours?  Notwithstanding Defendant's expressed interest in visiting with the

8   children after they are home from school, their school will be closed (presumably) for at

9   least some period of time over the holiday season.  And, if school is closed, why is

10  Defendant unable to visit with the children during daytime hours and still abide by his

11  curfew?  If there is a particular date that Defendant wants to be in Shelton later in the

12  day, why can't Defendant ask Pretrial to extend his curfew on that specific occasion?

13  How does it serve the public interest to *lessen* the conditions of Defendant's release as

14  sentencing approaches, given that Defendant's past relapses were – by his own admission

15  – associated with the stress of an upcoming sentencing?

16         In short, the United States believes that maintaining the status quo is reasonable

17  for this Defendant, and the current bond conditions should remain in place.

18                                 **III.    CONCLUSION**

19         For the above reasons, the United States respectfully requests that this Court deny

20  the requested bond modification.

21         DATED this 18th day of December, 2019.

22

23                                              Respectfully submitted,

24                                              BRIAN T. MORAN
                                                United States Attorney
25
                                                *s/ Marci L. Ellsworth*
26                                              MARCI L. ELLSWORTH
                                                KARYN S. JOHNSON
27                                              ANGELICA WILLIAMS
                                                Assistant United States Attorneys
28

UNITED STATES' OPPOSITION TO MOTION TO MODIFY
RELEASE CONDITIONS/ *United States v. Michael Scott, et al.* - 6
CR18-5579RBL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 18, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney(s) of record for the defendant(s).

<u>*s/ Alissa Harris*          </u>
ALISSA HARRIS
Paralegal Specialist
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-4439
Fax: (206) 553-4440
Email: Alissa.Harris@usdoj.gov

UNITED STATES' OPPOSITION TO MOTION TO MODIFY RELEASE CONDITIONS/ *United States v. Michael Scott, et al.* - 7 CR18-5579RBL

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800